IN THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO )
)
Plaintiff )
)
vs. )
)
NUNO C. NEVES and )
NATALIA PAIVA-NEVES )
)
Defendants )

CA CA 05 243ML

FILED
JUN 02 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**PETITION FOR REMOVAL**
**ON THE GROUNDS OF CIVIL RIGHTS VIOLATION,**
**DIVERSITY, PREJUDICE OR LOCAL INFLUENCE**

**To The U.S. District Court In Rhode Island**

Greetings:

1. The grounds upon which the jurisdiction of the Court depends are that this is a suit in the Providence Superior State Court **(CA NO. PC-04-3972)** between the defendants all citizens of the State of Rhode Island and the plaintiff citizen of a different state, the State of Maine, and the matter in controversy herein, exclusive of interest, costs, and damages, is the value of plaintiff's title to real estate in issue exceeding $500,000.00.

2. Mr. James C. Marcello, the plaintiff, of 152 Cross Road, Stetson, Maine, complains against Nuno C. Neves and Natalia Paiva-Neves, of the resident property in issue at 557 Maple Avenue, in the town of Barrington, and in the state of Rhode Island, the plaintiff says:

3. On and about August 13, 2003, the defendants, Nuno C. Neves and Natalia Paiva-Neves, did then and there in the Town of Barrington, R.I., conspired with the named defendants before this court in civil action suit **(MARCELLO, et al vs. DESANO, et al & "STATE OF RI" - CA. NO. 05-004 ML)**, and reached an understanding to commit crimes against the constitutional rights of the plaintiff, Mr. James C. Marcello, by depriving him of his "Life, Liberty, & Property", by purchasing and illegally taking possession of stolen real estate property of the plaintiff, located at 557 Maple Avenue, Barrington, RI, with guilty knowledge and without due process of law.

This violation is made pursuant to T 18 USCS § 1961 & 1957.

4. On and about December 10,2003, the defendants, Nuno C. Neves and Natalia Paiva-Neves, did then and there in the Town of Barrington, R.I., conspired with the named defendants before this court in civil action suit **(MARCELLO, et al vs. DESANO, et al & "STATE OF RI" - CA. NO. 05-004 ML)**, and reached an understanding to commit crimes against the constitutional rights of the plaintiff, Mr. James C. Marcello, by depriving him of his "Life, Liberty, & Property", by purchasing and illegally taking possession of stolen real estate property of the plaintiff, located at 557 Maple Avenue, Barrington, RI, with guilty knowledge and without due process of law.

This violation is made pursuant to T 18 USCS § 1961 & 1957.

5. That the defendants knowingly and willingly entered into an enterprise (RICO), and further agreed that only the members of this enterprise, (RICO), are to violate this statute.

This violation is made pursuant to T 18 USCS § 1961 and the Rhode Island (RICO) statute.

6. That on February 6, 2004, the defendants Nuno & Natalia Paiva-Neves did purchase the stolen real estate property of plaintiff from the members of the enterprise consisting of strawman executor, Arthur T. Marcello, acting under color of state law and defendant before this court (**CA. NO. 05-004 ML**), and attorney Jeffrey F. Caffrey of the law firm Resnick, Caffrey, and Moretti.

A copy of a fraudulent executor's deed with attached exhibit deed is hereby attached and seen at (EX.A)

7. That on February 6, 2004, the Diamond Funding Corporation president treasurer in Cranston Rhode Island, Ms. Ava Martinelli, engaged in a fraudulent scheme with said defendants Nuno & Natalia Paiva-Neves and the above law firm Resnick, Caffrey, and Moretti(#5092) and with the named defendants before this court in **(CA. NO. 05-004 ML)**, in financing and assigning the mortgage to out of state Mortgage Electronic Registration System in Flint, MI, of the said embezzled and fraudulently converted property of the plaintiffs located at 557 Maple Avenue, in the town of Barrington, R.I.

A copy of the assignment of mortgage is hereby attached and seen at (EX.B)

This violation is made pursuant to RIGL § 11-41-3 (Embezzlement and fraudulent conversion) and RIGL § 7-15-1 thru § 7-15-11 (Rhode Island Racketeer Influenced and Corrupt Organization) hereby attached at (EX.C).

8. On July 19, 2004, the plaintiff filed in the Providence Superior State Court an civil action suit against said defendants for Trespass, Ejectment to Try Title, hereby viewed at (EX.D).

9. On August 30, 2004, plaintiff filed a Demand for Trial by Jury R38 against said defendant Neves. (SEE EX.E)

10. On December 23, 2004, plaintiff assigned said demand for trial by jury on the calendar of January 26, 2005. (SEE EX.F).

11. On January 10, 2005, plaintiff served a notice to defendant Neves with omnibus assignment form with demand indicating the calendar assignment for 1/26/05 and that their attorney Joe Moretti(#5092) has failed to this date to object to said plaintiffs demand for trial by jury (SEE EX.G).

12. On January 12, 2005, defendants attorney Joe Moretti, with intent to deprive plaintiffs jury demand, moved for summary judgment (SEE EX.H).

13. On February 9, 2005, an Order Granting Plaintiffs Demand for Trial by Jury was entered and signed by Justice Rubine's Clerk Linda Parson by rule of court and failure of defendants to object (SEE EX.I).

14. On March 8, 2005, plaintiff files by certified mail an objection and motion for summary judgment (SEE EX.J).

15. On March 29, 2005, all parties present for summary judgment proceedings before Justice Savage with them imediately stated quote: "Mr. Marcello your papers are not in the file, did you mail them". Justice Savage granted defendants summary judgment dismissing plaintiffs' complaint, while genuine disputes as to material facts exist (SEE EX.J * PLAINTIFFS SUMMARY JUDGMENT, PAGE 22)

On March 30, 2005, defense attorney Joe Moretti proposed an order and judgment fraudulently including the term "with prejudice" that was not stated by Justice Savage who made no findings of fact nor any conclusions of law (SEE EX.K).

17. On April 4, 2005, plaintiff proposed an order and judment which recited on the face evidence of concealment of his papers, the presentation of certified receipts of proof of mailing, and induced to oral argument in the absence of his papers before him that were deliberately held by Justice Savage (SEE EX.L).

18. On April 8, 2005, plaintiff filed omnibus with motion to open or set aside order and for rehearing and reargument on the grounds of: 1: miscarriage of justice, 2: defendants obstruction and perversion of justice, 3: defendants fraud in procuring the judgment, 4: defense attorney Joe Moretti's collusion with clerk and judge to concealment of plaintiffs summary judgment papers from the court room file, 5: defense att Joe Moretti's hinder execution of law with intent to deprive plaintiff of timely demand for jury trial without merits (SEE EX.M).

19. On April 6, 2005, defense att Joe Moretti filed motion for entry of order and judgment that indicated his own inclusion of "with prejudice" (SEE EX.N).

20. On April 28, 2005, all parties present motion to set aside and rehearing and entry of order and judgments, plaintiff's oral argument indicated that defense att Joe Moretti deliberately misused the summary judgment motion of his that contained no merits and no affidavits for the purpose of a perversion of justice and abuse of it with intent to deprive plaintiff of granted order of trial by jury. Justice Savage denied the motion to set aside and rehearing of plaintiffs and gagged his oral evidence of lack of authority to sell in grantor in conveying to defendant grantee in violation of RIGL § 33-19-3

## MEMORANDUM OF LAW

There Are 3 Reasons Why The Plaintiffs Petition For Removal And Enjoiner Of Actions Should Be Granted:

**1. THE STATE OF RHODE ISLAND AND NAMED DEFENDANTS ARE DEPRIVING PLAINTIFF OF CONSTITUTIONAL RIGHT OF JURY TRIAL**

Attorney Joe Moretti(#5092) is associated with named defendants as part of the enterprise "estate racketeers" who's co-partner attorney Jeff Caffrey notarized the counterfeit executor's deed of Arthur T Marcello (SEE EX.A), knowing the person to be impersonating the office of executorship and without authority to sell, and being in joint-nexus with the state, have a superstructure for making decisions for every justice in the system for their illegal purpose.

77 C.J.S.Law § 8, p.454 provides::

An enterprise is a group of persons associated together for a common purpose of engaging in a course of conduct.(42).....There must be an ongoing organization, formal or informal, and the various associates must function as a continuing unit. (44) There must be some sort of framework or superstructure for making or carrying out decisions. (45)

[U.S.--U.S. V TURKETTE, MASS., 101 S.CT. 2524, 452 U.S. 576, 69 L.Ed.2d 246, on remand 656 F.2d 5.]

**2. THE STATE OF RHODE ISLAND AND NAMED DEFENDANTS ARE PERVERTING JUSTICE AND ABUSING IT FOR PURPOSES OF DEPRIVING PLAINTIFF OF HIS PROPERTY WITHOUT DUE PROCESS OF LAW**

The summary judgment used by defense attorney Joe Moretti(#5092) was designed by the enterprise along with the decision so as to impair the right of trial by jury to plaintiff

and cause delay with an intent to indue plaintiff in accepting proceeds from the embezzlement property by overt offers (SEE EX.K0) and cause an alleviation of the pending civil charges in this court against said defendants and state.

50A C.J.S. Law § 232, p.298 provides:

However, summary judgment may not be used to impair the right of trial by jury, (55)

[ILL.--DIVERSEY LIQUIDATING CORP. V. NEUNKIRCHEN, 19 N.E.2d 363, 370 ILL, 523, 120 A.L.R. 1395.]

Francis W. Marshall, LL.B., LL.M.

Court Jurisdiction and Procedure, - Summary Judgment - p.257 provides: The power of the courts under the summary judgment statute should be exercised with care. The statute does not authorize the trial of contested issues on affidavits. No more does it authorize trial of such issues on adverse examination. The court does not try the facts upon affidavits but merely decides whether the case presents facts to be tried by a jury. The summary judgment statute is drastic and should be applied only where it is perfectly plain that there is no substantial issue to be tried. The use made of the statute may be a perversion of justice and abuse of it.

[FOWLER, J., PRIME MFG. CO. V. A.F. GALLAN & SONS, CORP., 281 N.W. 697, 229 WIS. 348, 1938.]

**3. THE STATE OF RHODE ISLAND AND NAMED DEFENDANTS ARE PREJUDICING OR LOCAL INFLUENCING IN SUPERIOR COURT WERE SUIT IS PENDING AND HAS IN ALL (7) PAST STATE COURT ACTIONS INSTIGATED**

The plaintiff, since his father's death on September 28, 2002, has been the subject victom attack, by the "State" and named defendants, of (2) conspirary to abuse of process **(See Dist Ct No: 03-5880 & See Sup Ct No: 03-6003)**, (2) malicious abuse of prosecution by state **(See Dist Ct No: 61-03-14824 & See Dist Ct No: 61-03-02256)**, (2) malicious abuse of prosecution alledged violation probation **(See Sup Ct No: P 187-3058)**, and Bristol County Probate Court that lacked jurisdiction over plaintiff's father's estate **(See Prob No. 5148)**.

As a result of this prejudice or local influence asserted by the "State" and named defendants before this court in civil action (**MARCELLO, et al vs. DESANO, et al & "STATE" - CA NO. 05 004 ML**), contemporaneously, the plaintiff has not obtained justice not only prior throughout these past illegal and wrongful excursions as stated above, but plaintiff has been unable to obtain justice throughout the suit pending in Superior Court (**MARCELLO vs NEVES, et al - PC-04-3972**), and plaintiff does not expect to obtain justice in the Providence Supreme Court on appeal of said case pending, nor will plaintiff ever obtain justice in any other state court of Rhode Island to which he may have the right.

The decision making process of the state court systems of Rhode Island are in submissive restraint by the "State" and named defendants before this court by (RICO CONTROL), to wit ultimately all decisions are made by these, as plaintiff defines as **"ESTATE RACKETEERS"**, and made for them within the pattern of racketeering activity, plaintiff is unable to obtain justice.

**PRAYER FOR RELIEF**

**WHEREFORE, The Plaintiff Prays:**

1. That the petition for removal of action in the Providence Superior Court **(CA NO. PC-04-3972 - MARCELLO vs. NEVES, et al)** to the USDC of RI, of the plaintiff, be **GRANTED.**

2. That the enjoiner of the actions be **GRANTED.**

3. That the defendants Mr. Nuno C. Neves & Natalia Paiva-Neves be enjoined as co-defendants along with named defendants in action before this court **(CA NO. 05 004 ML).**

4. That the Law Firm of "Resnick, Caffrey, & Moretti" be disqualified as attorneys for said Nuno C. Neves & Natalia Paiva-Neves, for being associated and/or members of racketeering activity alledged by plaintiff in said action.

5. That the clerk be **ORDERED** to file said order of removal in Superior Court, remove record, and sign, seal, and date said enclosed summons for defendant Neves & Attorney Joe Moretti for service of petition of removal.

6. That the plaintiff may have any and all other relief as the circumstances require.

**PLAINTIFF HEREBY CLAIM TRIAL BY JURY**

Respectively Submitted,

James Marcello

MR. JAMES & OLIVIA MARCELLO
152 Cross Road
Stetson, ME 04488
(207) 296-3433