EX. C

Case 1:05-cv-00243-ML-DLM Document 1-4 Filed 06/02/2005 Page 2 of 14



stolen property. 136 A.L.R. 1087.

Modern status as to instruction allowing presumption of inference of guilt from possession of recently stolen property as violation of defendant's privilege against self-incrimination. 88 A.L.R.3d 1178.

Participation in larceny or theft as precluding conviction for receiving or concealing the stolen property. 29 A.L.R.5th 59.

Possession of recently stolen goods by one charged with receiving them as evidence on question of guilty knowledge. 68 A.L.R. 187.

Possession of stolen property as continuing offense. 24 A.L.R.5th 132.

Reduction by appellate court of punishment imposed by trial court. 29 A.L.R. 340; A.L.R. 295.

Sufficiency of description of stolen prop in indictment or information for receivin 99 A.L.R.2d 813.

What amounts to "exclusive" possessi stolen goods to support inference of burg or other felonious taking. 51 A.L.R.3d 72

What constitutes "recently" stolen pro within rule inferring guilt from unexpl possession of such property. 89 A.L.R.3d 1

Wife's criminal responsibility for rece stolen goods from husband. 4 A.L.R. 231; A.L.R. 1126.

**11-41-3. Embezzlement and fraudulent conversion.** — Ev official of a financial institution and every officer, agent, cle servant, or other person to whom any money or other property sh be entrusted for any specific purpose, and every person acting executor, administrator, conservator, guardian, receiver, assign custodian, or trustee appointed by order, decree or judgment of cou or by deed, will or other instrument in writing, who shall embezzle fraudulently convert to his or her own use, or who shall take secrete, with intent to embezzle or fraudulently convert to his or h own use, any money or other property which shall have come into h or her possession or shall be under his or her care or charge by virt of his or her employment or for that specific purpose or by virtu his or her acting as executor, administrator, guardian, conservat receiver, assignee, custodian, or trustee, and every person who sh collect or receive money or property from another for a commissio be retained out of the money or other property so collected received, and who shall fraudulently retain out of that money property so collected or received more than the amount of t commission, and shall embezzle or fraudulently convert it to his her own use, or shall take or secrete it with intent to embezzle fraudulently to convert the same to his or her own use, shall deemed guilty of larceny and shall be fined not more than fi thousand dollars ($50,000) or three (3) times the value of the mo or property thus embezzled or converted, whichever is greater, imprisoned not more than twenty (20) years, or both, except th the sum or value of the property embezzled is less than one hund dollars ($100), he or she shall be fined not more than one thous dollars ($1,000), or imprisoned not more than one year, or both.

**History of Section.**
G.L. 1896, ch. 279, § 16; C.P.A. 1905, § 1175; P.L. 1908, ch. 1521, § 1; G.L. 1909, ch. 345, § 16; P.L. 1915, ch. 1258, § 10; G.L. 1923, ch. 397, § 16; G.L. 1938, ch. 608, § 16; G.L. 1956, § 11-41-3; P.L. 1991, ch. 138, § 1.

**Cross References.** Agent or factor, fraudulent conversion by, § 11-41-12.

Allegations in complaint or indic § 12-12-14.

Bank officer or employee, embezzlem § 11-41-11.

Military property, misappropriation, § 12-8, 30-12-12.

... persons, ... or corporations to deal with the business or engage in any illegal conduct; and

(2) That for the prevention of future illegal conduct of the same character, the public interest requires the operation of the business to be enjoined.

**History of Section.**
P.L. 1970, ch. 236, § 1.

**7-14-3. Institution and conduct of proceedings.** — (a) The proceedings authorized by § 7-14-1 may be instituted against a corporation in any county in which it is doing business, and the proceedings shall be conducted in accordance with the Rhode Island rules of civil procedure and the applicable rules of court. The proceedings are deemed additional to any other proceeding authorized by law for the purpose of forfeiting the charter of a corporation or revoking the permit of a foreign corporation.

(b) The proceedings authorized by § 7-14-2 may be instituted against a business other than a corporation in any county in which it is doing business, and the proceedings shall be conducted in accordance with Rhode Island rules of civil procedure and the applicable rules of court.

**History of Section.**
P.L. 1970, ch. 236, § 1.

**7-14-4. Severability.** — It is declared to be the legislative intent that, if any section, subsection, sentence, clause, or provision of this chapter is held to be invalid, the remainder of the chapter is not affected.

**History of Section.**
P.L. 1970, ch. 236, § 2.

## CHAPTER 15

## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS


| SECTION. | | SECTION. | |
|---|---|---|---|
| 7-15-1. | Definitions. | 7-15-4. | Civil remedies — Actions by attorney general and injured persons. |
| 7-15-2. | Prohibited activities. | 7-15-4.1. | Asset forfeiture fund. |
| 7-15-3. | Penalties for violations — Disposition of seized property. | 7-15-5. | Proceedings — Open or closed. |
| 7-15-3.1. | Criminal forfeiture procedures. | | |


...etorship, ...
and any ...
purpose ...

(b) "Pers...
legal or bene...

(c) "Racket...
murder, kidnap...
degree, robbery, ...
dealing in narcotic...
under state law and ...
year, or child explo...
violation of § 11-9-1(...

(d) "Unlawful debt" ...
illegal gambling activity or ...
state law in whole or in part ...
law relating to usury.

**History of Section.**
P.L. 1979, ch. 204, § 1; P.L. 1985, ch. ...
§ 1.

**NOTES T...**

ANALYSIS

1. Racketeering activity.
2. Enterprise.
3. Unlawful debt.
4. Refusal to discharge mortgage.

**1. Racketeering Activity.**

The clause "which is [chargeable] as a crim... under state law and punishable by imprisonment for more than one (1) year" in subsectio... (a) applies only to its immediate anteceden... (i.e., "any dealing in narcotics or dangerou... drugs") and not to the other enumerated act... in the statute. State v. Brown, 486 A.2d 59... (R.I. 1985).

The wilful concealment of marital asset... from the family court does not constitut... "racketeering activity." LaPorte v. LaPorte 621 A.2d 186 (R.I. 1993).

**2. Enterprise.**

A decedent's estate constitutes an "enterprise" within the statutory definition of that term. Boyajian v. Defusco (In re Giorgio), 81...

or a person
e business,
gaged in a
extortion,
es against
l or induce
business or

of the same
business to

— (a) The
against a
ss, and the
hode Island
court. The
ling autho-
corporation

instituted
in which it
d in accor-
applicable

ive intent
ion of this
ter is not




| SECTION. | | SECTION. | |
|---|---|---|---|
| 7-15-6. | Application. | 7-15-9. | Remedies cumulative. |
| 7-15-7. | Investigative demands. | 7-15-10. | Construction. |
| 7-15-8. | Jurisdiction. | 7-15-11. | Severability. |


**7-15-1. Definitions.** — (a) "Enterprise" includes any sole proprietorship, partnership, corporation, association, or other legal entity, and any union or group of individuals associated for a particular purpose although not a legal entity.

(b) "Person" includes any individual or entity capable of holding a legal or beneficial interest in property.

(c) "Racketeering activity" means any act or threat involving murder, kidnapping, gambling, arson in the first, second, or third degree, robbery, bribery, extortion, larceny or prostitution, or any dealing in narcotic or dangerous drugs which is chargeable as a crime under state law and punishable by imprisonment for more than one year, or child exploitations for commercial or immoral purposes in violation of § 11-9-1(b) or (c) or § 11-9-1.1.

(d) "Unlawful debt" means a debt incurred or contracted in an illegal gambling activity or business or which is unenforceable under state law in whole or in part as to principal or interest because of the law relating to usury.

**History of Section.**
P.L. 1979, ch. 204, § 1; P.L. 1985, ch. 353, § 1.

**Cross References.** Usurious contracts, § 6-26-4.

## NOTES TO DECISIONS

Analysis

1. Racketeering activity.
2. Enterprise.
3. Unlawful debt.
4. Refusal to discharge mortgage.

**1. Racketeering Activity.**

The clause "which is [chargeable] as a crime under state law and punishable by imprisonment for more than one (1) year" in subsection (a) applies only to its immediate antecedent (i.e., "any dealing in narcotics or dangerous drugs") and not to the other enumerated acts in the statute. State v. Brown, [illegible] A.2d 806 (R.I. 1985).

The wilful concealment of marital assets from the family court does not [illegible]

Bankr. 766 (D.R.I.), aff'd, 862 F.2d 933 (1st Cir. 1988).

**3. Unlawful Debt.**

A debt determined by a state court in a noncollusive action between the debtors and the creditor's decedent, considering and concluding the validity of the waiver of a claim of usury, could not be held to be "unenforceable" in a bankruptcy proceeding, where the loan was not made to satisfy a gambling debt due the lender. Boyajian v. DeFusco (In re Giorgio), 81 Bankr. 766 (D.R.I.), aff'd, 862 F.2d 933 (1st Cir. 1988).

**4. Refusal to Discharge Mortgage.**

Because the mortgagee acted well within its rights when refusing to give advance assurance that it would discharge the [illegible]

**Collateral References.** Criminal liability of corporation for extortion, false pretenses or similar offenses. 49 A.L.R.3d 820.

Racketeer Influenced and Corrupt Organizations: what is an "enterprise," as defined at 18 USCS § 1961(4), for purposes of the Racketeer Influenced and Corrupt Organizations (RICO) statute (18 USCS § 1961 et seq.). 52 A.L.R. Fed. 818.

**7-15-2. Prohibited activities.** — (a) It is unlawful for any person who has knowingly received any income derived directly or indirectly from a racketeering activity or through collection of an unlawful debt, to directly or indirectly use or invest any part of that income, or the proceeds of that income in the acquisition of an interest in, or the establishment or operation of any enterprise.

(b) It is unlawful for any person through a racketeering activity or through collection of an unlawful debt to directly or indirectly acquire or maintain any interest in or control of any enterprise.

(c) It is unlawful for any person employed by or associated with any enterprise to conduct or participate in the conduct of the affairs of the enterprise through racketeering activity or collection of an unlawful debt.

(d) Provided, that a purchase of securities on the open market for purposes of investment and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, is not unlawful under this section if the securities of the issuer held by the purchaser, the members of his immediate family, and his or her or their accomplices in a racketeering activity or the collection of an unlawful debt after the purchase do not amount in the aggregate to one percent (1%) of the outstanding securities of any one class, and do not, either in law or in fact, confer the power to elect one or more directors of the issuer.

**History of Section.**
P.L. 1979, ch. 204, § 1.

## NOTES TO DECISIONS

ANALYSIS

1. Conspiracy conviction.
2. Racketeering activity.
3. —. Investment in enterprise.

**1. Conspiracy Conviction.**

For a conviction for conspiracy to violate the Rhode Island Racketeer Influenced and Corrupt Organization (RICO) statute, a defendant must agree to become a member of the enterprise and only agree that members of the enterprise violate the Rhode Island RICO statute. State v. Porto, 591 A.2d 791 (R.I. 1991).

**2. Racketeering Activity.**

A fraudulent scheme to obtain real property would be larceny, a racketeering activity. National Credit Union Admin. Bd. v. Regine, 795 F. Supp. 59 (D.R.I. 1992).

**3. — Investment in Enterprise.**

Racketeering requires the use or investment of income or proceeds derived from racketeering in the establishment, conduct, or operation of an enterprise. National Credit Union Admin. Bd. v. Regine, 795 F. Supp. 59 (D.R.I. 1992).

7-15-3 ... property ... more than ... than ten ...
(1) Any ... chapter;
(2) Any ... were obtained ... in violation of ...
(3) Any: (i) ... property or ... influence over; ... participated in, ... chapter; provided ... exceed the sum ... the appreciated ...
(b) Upon conv... court shall auth... other interest d... conditions as th... property or oth... feasible making ... property right or ... value by the st... person.

**History of Section.**
P.L. 1979, ch. 204, § ... § 1.

**7-15-3.1. Cri...** general shall s... that the attorn...
(b) The court ... a restraining o... interest in the ... bond to the sta... of property su... prior or subse... information. ... indictment, or ... days, unless ex... than an additi... ment, or infor...
(c) Written ... action by the c...

Case 1:05-cv-00243-ML-DLM Document 1-4 Filed 06/02/2005 Page 6 of 14



**7-15-3. Penalties for violations — Disposition of seized property.** — (a) Whoever violates this chapter shall be fined not more than ten thousand dollars ($10,000), or imprisoned not more than ten (10) years, or both, and forfeits to the state:

(1) Any property acquired or maintained in violation of this chapter;

(2) Any property constituting, or derived from, any proceeds which were obtained directly or indirectly from the commission of an offense in violation of this chapter;

(3) Any: (i) interest in; (ii) security of; (iii) claim against; or (iv) property or contractual right of any kind affording a source of influence over; any enterprise that the person has established, participated in, operated, controlled, or conducted in violation of this chapter; provided that the value of the property forfeited shall not exceed the sum of the money invested in violaton of § 7-15-2(a) plus the appreciated value of the money.

(b) Upon conviction of a person under this chapter, the superior court shall authorize the attorney general to seize all property or other interest declared forfeited under this chapter on any terms and conditions as the court deems proper. The state shall dispose of all property or other interest seized under this chapter as soon as feasible making due provision for the rights of innocent persons. If a property right or other interest is not exercisable or transferable for value by the state it expires and does not revert to the convicted person.

**History of Section.**
P.L. 1979, ch. 204, § 1; P.L. 1985, ch. 353, § 1.

**7-15-3.1. Criminal forfeiture procedures.** — (a) The attorney general shall set forth with reasonable particularity the property that the attorney general seeks to forfeit pursuant to this chapter.

(b) The court may, upon application of the attorney general, enter a restraining order or injunction, require any person claiming any interest in the subject property to execute a satisfactory performance bond to the state, or take any other action to preserve the availability of property subject to forfeiture described in this section, whether prior or subsequent to the filing of a complaint, indictment, or information. An order entered prior to the filing of a complaint, indictment, or information is effective for not more than ninety (90) days, unless extended by the court for good cause shown for not more

[illegible] the property The hearing, however, is to be limited to the issues of whether:

(i) [illegible] the preponderance of the evidence that the state will prevail on the issue of forfeiture and that failure to enter the order will result in the property being destroyed, conveyed, encumbered or [illegible] removed from the jurisdiction of the court, or [illegible] unavailable for forfeiture; and

(ii) [illegible] to preserve the availability of property through the entry of the requested order outweighs the hardship on any party against whom the order is to be entered.

(2) A temporary restraining order under this section with respect to the property may be entered upon application of the attorney general without notice or opportunity for a hearing when a complaint [illegible] or indictment has not yet been filed, if the attorney general demonstrates that there is probable cause to believe that the property as to which the order is sought would, in the event of [illegible], be subject to forfeiture under this section and that provision of notice will jeopardize the availability of the property for forfeiture. The temporary restraining order expires within ten (10) days of the date on which it is entered, unless extended for good cause shown or [illegible] than an additional ten (10) days, or unless the party [illegible] it is entered consents to an extension for a longer period.

(3) A hearing requested by any party in interest concerning an order entered under this subsection shall be held at the earliest possible time and prior to the expiration of the temporary order.

(4) The court may receive and consider, at a hearing held pursuant to this subsection, evidence and information that would be admissible under the rules of evidence.

(d) [illegible] conviction of a person for a violation of this chapter, the court shall enter a judgment of forfeiture to the state of the property [illegible] and shall also authorize the attorney general to seize all property ordered forfeited upon any terms and conditions that the court deems proper. Following the entry of an order declaring the property forfeited, the court may, upon application of the [illegible] enter appropriate restraining orders or injunctions; require the execution of satisfactory performance bonds; appoint receivers, conservators, appraisers, accountants, or trustees; or take any other action to protect the interest of the state in the property ordered forfeited. Any income accruing to, or derived from, an enterprise or an interest in an enterprise that has been ordered forfeited under this section may be used to offset ordinary and necessary expenses of the enterprise as required by law and expenses that are necessary to protect the interests of the state or innocent third parties.

(e) All right, title, and interest in property described in this section vests in the state upon the commission of the act giving rise to [illegible]

ferred to any [illegible] forfeiture and [illegible] unless the transf[illegible] (f) that he or she [illegible] who at the time of [illegible] that the property [illegible]

(f) Procedures [illegible] follows:

(1) Following t[illegible] the state shall pu[illegible] of the property fo[illegible] manner that the [illegible] practicable, provid[illegible] interest in the pro[illegible] subject to discove[illegible] property.

(2) Any person, [illegible] property that has [illegible] section may, with[illegible] publication of not[illegible] section, whicheve[illegible] adjudicate the val[illegible] The hearing shall [illegible]

(3) The petition [illegible] perjury and shall [illegible] right, title, or inte[illegible] the petitioner's [illegible] property; any add[illegible] the relief sought.

(4) The hearin[illegible] consistent with t[illegible] of the filing of the [illegible] the petition with[illegible] other than the d[illegible]

(5) At the hear[illegible] and witnesses on [illegible] who appear at [illegible] witnesses in reb[illegible] cross examine w[illegible] testimony and [illegible] consider the rel[illegible] resulted in the [illegible]

(6) In accorda[illegible] amend the order [illegible] established by [illegible]

(i) Has a r[illegible] or interest [illegible] was superior [illegible]

Case 1:05-cv-00243-ML-DLM Document 1-4 Filed 06/02/2005 Page 8 of 14



ferred to any person may be the subject of a special verdict of forfeiture and subsequently shall be ordered forfeited to the state, unless the transferee establishes in a hearing pursuant to subsection (f) that he or she is a bona fide purchaser for value of the property who at the time of purchase was reasonably without cause to believe that the property was subject for forfeiture.

(f) Procedures subsequent to the special verdict of forfeiture are as follows:

(1) Following the entry of an order of forfeiture under this section, the state shall publish notice of the order and of its intent to dispose of the property for at least seven (7) successive court days in any manner that the court orders. The state shall also, to the extent practicable, provide written notice to all parties known to have an interest in the property and all parties whose identity is reasonably subject to discovery and who may have an interest in the forfeited property.

(2) Any person, other than the defendant, asserting an interest in property that has been ordered forfeited to the state pursuant to this section may, within one hundred and eighty (180) days of the final publication of notice or his or her receipt of notice as stated in this section, whichever is earlier, petition the court for a hearing to adjudicate the validity of his or her alleged interest in the property. The hearing shall be held by the court without a jury.

(3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

(4) The hearing on the petition shall, to the extent practicable and consistent with the interest of justice, be held within thirty (30) days of the filing of the petition. The court may consolidate the hearing on the petition with a hearing on any other petition filed by a person other than the defendant and concerning the same property.

(5) At the hearing, the petitioner may testify and present evidence and witnesses on his or her own behalf, and cross examine witnesses who appear at the hearing. The state may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross examine witnesses who appear at the hearing. In addition to testimony and evi[illegible] presented at the hearing, the court shall consider the [illegible] the record of the criminal case that resulted in the order of [illegible].

(6) In [illegible] the hearing the court shall

time of the commission of the acts which gave rise to the forfeiture of the property under this section;

(ii) Is a bona fide purchaser for value of any right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this chapter; or

(iii) Was a victim of the violation of this chapter and is entitled to compensation pursuant to §§ 7-15-4(c), in which case the court shall order the escrow of a sufficient amount to satisfy any judgment which may be obtained in an action brought pursuant to that section.

(7) Following the court's disposition of all petitions filed under this section, or if no petitions are filed, following the expiration of the period provided in this section for the filing of petitions, the state has clear title to property that is the subject of the order of forfeiture and is able to transfer good and sufficient title to any subsequent purchaser, transferee, or fund as provided in this section.

(8) Except as provided in this section, no party claiming an interest in property subject to forfeiture under this section may:

(i) Intervene in a trial or appeal of a criminal case involving the forfeiture of property; or

(ii) Commence any action against the state concerning the validity of the alleged interest in the property subsequent to the filing of a complaint, information, or indictment alleging that the property is subject to forfeiture.

(g) In order to facilitate the identification or location of property declared forfeited and to facilitate the disposition of petitions filed pursuant to this section, after the entry of an order declaring property forfeiture to the state, the court may, upon application of the attorney general or the petitioner, order that the testimony of any witness relating to the property forfeited be taken by deposition and that any designated book, paper, document, record, recording (electronic or otherwise), or other material not privileged, be produced at the same time and place and in the same manner as provided for the taking of depositions under the rules of civil procedure.

(h) If any of the property described in this section:

(1) Cannot be located;

(2) Has been transferred to, sold to, or deposited with a third party;

(3) Has been placed beyond the jurisdiction of the court;

(4) Has been substantially diminished in value by any act or omission of the defendant; or

(5) Has been commingled with other property which cannot be divided without difficulty;

the court shall order the forfeiture of any other property of the defendant up to the value of the subject property.

(i) The court has jurisdiction to enter orders as provided in this section regarding property located within this state that may be subject to forfeiture under this chapter or that has been ordered forfeited under this chapter.

**History of Section.**
P.L. 1985, ch. 353, § 2.

**7-15-4. Civil remedies — Actions by attorney general and injured persons.** — (a) The superior courts of the state have jurisdiction to prevent and restrain violations of this chapter by issuing appropriate orders, including, but not limited to:

(1) Ordering any person to divest him or herself of any interest, direct or indirect, in any enterprise;

(2) Imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in; or

(3) Ordering dissolution or reorganization of any enterprise, making due provisions for the rights of innocent persons.

(b) The attorney general may institute proceedings under this section. In any action brought by the state under this section, the court shall proceed as soon as practicable to the hearing and determination of the action. Pending final determination of the action, the court may at any time enter any restraining orders or prohibitions, or take any other actions, including the acceptance of satisfactory performance bonds, as it deems proper.

(c) Any person injured in his or her business or property by reason of a violation of this chapter may sue in any appropriate court and shall recover treble damages and the cost of the suit, including a reasonable attorney's fee. In order for an injured person to recover pursuant to this subsection, it is not necessary to show that the defendant has been convicted of a criminal violation of this chapter.

(d) A final judgment or decree rendered in favor of the state in any criminal proceeding brought by the state under this chapter shall estop the defendant from denying the essential allegations of the criminal offense in any subsequent civil proceeding brought by the state.

(e) In addition to or in lieu of the criminal forfeiture procedure of this act, any property described in § 7-15-3 is subject to civil forfeiture pursuant to this section.

**History of Section.**
P.L. 1979, ch. 204, § 1; P.L. 1985, ch. 353, § 1.

NOTES TO DECISIONS

ANALYSIS

1. Scope of remedy.
1.3. Requirements.
1.7. Standing.
2. Sufficiency of complaint.
3. Limitations period.
4. Refusal to discharge mortgage.
5. Reliance on representations.

**1. Scope of Remedy.**

The Racketeer Influenced and Corrupt Organization Act (RICO) provides a civil remedy only for injury to business or property. Martin v. Fleet Nat'l Bank, 676 F. Supp. 423 (D.R.I. 1987).

Claims of personal psychic injuries and emotional distress are not cognizable in a civil action under the Racketeer Influenced and

Case 1:05-cv-00243-ML-DLM Document 1-4 Filed 06/02/2005 Page 10 of 14

Corrupt Organization Act (RICO). Martin v. Fleet Nat'l Bank, 676 F. Supp. 22 (D.R.I. 1987).

**1.3. Requirements.**

This provision presents the same requirements as does its federal counterpart, and requires a similar analysis. Vitone v. Metropolitan Life Ins. Co., 943 F. Supp. 192 (D.R.I. 1996).

**1.5. Standing.**

Plaintiff, former insurance company employee, lacked standing to bring suit against his former employer under this section where alleged injuries resulting from termination of employment where not injuries to business or property and therefore where unconnected to the alleged offenses. Vitone v. Metropolitan Life Ins. Co., 943 F. Supp. 192 (D.R.I. 1996).

**2. Sufficiency of Complaint.**

Complaint alleging that credit union officials engaged in a fraudulent scheme to obtain property from the credit union was sufficient to state a claim under this chapter. National Credit Union Admin. Bd. v. Regine, 749 F. Supp. 401 (D.R.I. 1990).

Since the theft of services, or the theft of the value of those services, is not larceny under Rhode Island law, the taking of services by false pretenses is an insufficient predicate to support the state civil RICO claim. Vitone v. Metropolitan Life Ins. Co., 954 F. Supp. 37 (D.R.I. 1997).

**3. Limitations Period.**

This chapter contains no specific period of limitations; it can therefore be assumed that the general six-year (now ten-year) limitation for civil actions governs. Boyajian v. DeFusco, 862 F.2d 933 (1st Cir. 1988).

**4. Refusal to Discharge Mortgage.**

Because the mortgagee acted well within its rights when refusing to give advance assurance that it would discharge the property mortgage, the defendants' counterclaims based upon alleged violations of Rhode Island's extortion statute, § 11-42-2, and the state's anti-racketeering law must be dismissed; the mortgagee's duty to discharge was simply never triggered. National Credit Union Admin. Bd. v. Regine, 795 F. Supp. 59 (D.R.I. 1992).

**5. Reliance on Representations.**

Since the plaintiff produced no evidence of detrimental reliance on a defendant's representations, the racketeering count against the defendant was dismissed. National Credit Union Admin. Bd. v. Regine, 795 F. Supp. 59 (D.R.I. 1992).

---

**Collateral References.** Liability, under Racketeer Influenced and Corrupt Organizations Act (RICO) (18 USCS §§ 1961-1968), for retaliation against employee for disclosing or refusing to commit wrongful act. 100 A.L.R. Fed. 667.

Recovery of damages for personal injuries in civil action for damages under Racketeer Influenced and Corrupt Organizations Act (18 USCS § 1964(c)). 96 A.L.R. Fed. 881.

**7-15-4.1. Asset forfeiture fund.** — (a) Title to all property forfeited pursuant to this chapter, except for that property awarded by the court to the victims of violations of the chapter pursuant to § 7-15-4(c), vest in the state of Rhode Island. There is established within the general treasury of the state a special fund to be known as the asset forfeiture fund in which shall be deposited all proceeds of any forfeitures. Where the forfeited property is a vessel, vehicle, aircraft, or other personal property the use of which reasonably relates to law enforcement duties, title to the property may be transferred to the law enforcement agency which seized it. Where the forfeited property is personal property the use of which is not reasonably related to law enforcement duties and where the forfeited property is real estate or an interest in real estate, it shall be sold under the direction of the general treasurer and the proceeds of the sale deposited in the asset forfeiture fund. Where the forfeited property consists of negotiable instruments ...



intangible property, it shall be maintained by the general treasu[rer] as part of the asset forfeiture fund and may be sold at his or [her] discretion and the proceeds deposited in the fund. Where the forfeit[ed] property consists of money, both coin and currency, it shall [be] deposited in the asset forfeiture fund.

(b) The fund shall be utilized for the following purposes:

(1) The payment of reasonable expenses required for the seizu[re,] management and liquidation of forfeited property and for the rei[m]bursement of federal, state, or local law enforcement agencies for a[ny] reasonable expenditures made by them in the performance of t[he] preceding functions;

(2) The payment of awards for information or assistance leading [to] a civil or criminal proceeding under this chapter, provided that a[ny] payment or combination of payments to any one individual or grou[p] of individuals in excess of twenty five hundred dollars ($2500) fro[m] the fund must be approved by the presiding justice of the superi[or] court or an associate justice of the court designated by him or her;

(3) The compromise and payment of claims against proper[ty] forfeited pursuant to the chapter, provided that any payment [in] settlement of a claim which is in excess of twenty five hundred dolla[rs] ($2500) from the fund must be approved by the presiding justice [of] the superior court or an associate justice of the court designated [by] him or her;

(4) The payment of twenty five percent (25%) of the net proceeds [of] a forfeiture to the Rhode Island law enforcement agency or agenci[es] which accomplished the seizure to be used only for the purposes [of] future investigations of racketeering activity as defined in the[se] provisions. No law enforcement agency of the state is entitled to ke[ep] more than fifty thousand dollars ($50,000) per calendar year und[er] this section. No law enforcement agency of a city or town with [a] population in excess of twenty thousand (20,000) is entitled to ke[ep] more than thirty five thousand dollars ($35,000) per calendar ye[ar] under this section. No law enforcement agency of a city or town wi[th] a population of twenty thousand (20,000) or less is entitled to ke[ep] more than fifteen thousand dollars ($15,000) per calendar year und[er] this section.

(c) The attorney general shall report each forfeiture pursuant [to] this chapter to the general treasurer within thirty (30) days of [the] issuance of the judgment of forfeiture by the court.

(d) Upon the application of any law enforcement agency of t[he] state of Rhode Island when a special need exists concerning [the] enforcement of the provisions of this chapter, the attorney gen[eral] may apply to the presiding justice of the superior court for the rele[ase] from the general treasury of sums of money not to exceed fi[fty] thousand dollars ($50,000) per investigation. When the presidi[ng] justice, upon consideration of the reasons set forth by the agen[cy,] deems the funds to be reasonable and necessary to the accomplis[h]ment of a goal within the powers and duties of the law enforceme[nt]

agency, he or she may issue an order ex parte providing for the release of the funds.

(e) The attorney general and the general treasurer shall transmit to the General Assembly no later than February 1st of each year, a detailed report on the nature and value of the assets forfeited and their disposition, on the amounts deposited in the fund, and a detailed description of withdrawals from the fund and the uses of the withdrawals, during the previous calendar year, but shall not make any disclosure which would compromise any investigation or prosecution.

**History of Section.**
P.L. 1985, ch. 353, § 2.

**7-15-5. Proceedings — Open or closed.** — In any proceeding ancillary to or in any civil action instituted by the state under this chapter the proceedings may be open or closed to the public at the discretion of the court after consideration of the rights of affected persons.

**History of Section.**
P.L. 1979, ch. 204, § 1.

**7-15-6. Application.** — It is not a defense in any action brought under this chapter that the racketeering activity as defined in § 7-15-1(a) occurred prior to May 5, 1979.

**History of Section.**
P.L. 1979, ch. 204, § 1.

**7-15-7. Investigative demands.** — (a) *Issuance.* Whenever the attorney general has reasonable cause to believe that any person or enterprise has knowledge or is in possession, custody, or control of any documentary material pertinent to an investigation of a possible violation of this chapter, he or she may, prior to and/or following the institution of a civil or criminal proceeding on the violation, issue in writing and cause to be served upon the person or enterprise a civil investigatory demand by which he or she may:

(1) Compel the attendance of the person and require him or her to submit to examination and give testimony under oath; and/or

(2) Require the production of documentary material pertinent to the investigation for inspection and/or copying; and/or

(3) Require answers under oath to written interrogatories.

(b) *Power to issue.* The power to issue investigative demands does not abate or terminate by reason of the bringing of any action or proceeding under this chapter. The attorney general may issue successive investigatory demands to the same person in order to obtain additional information pertinent to an ongoing investigation.

(c) *Confidentiality.* In the event the attorney general initiates a civil investigatory demand prior to a criminal indictment for violation of this chapter, then the commencement, contents, and results of the civil investigatory demand is held in the strictest confidence by the attorney general and shall remain so until the time that a civil action is commenced, indictment for violation of this chapter returned, or removal of the confidentiality is ordered by a justice of the superior court.



(d) *Contents of investigative demand.* Each investigatory demand shall:

(1) State the nature of the conduct constituting the alleged racketeering violation of this chapter which is under investigation and the provisions of law applicable to the conduct;

(2) Prescribe a reasonable return date no less than twenty (20) days from the date of the investigative demand, provided that an earlier date may be prescribed under compelling circumstances;

(3) Specify the time and place at which the person is to appear and give testimony, produce documentary material, and furnish answers to interrogatories, or do any or a combination of the above;

(4) Identify the custodian to whom any documentary material is to be made available;

(5) Describe by class any documentary material to be produced with such definiteness and certainty as to permit the material to be fairly identified;

(6) Contain any interrogatories to which written answers under oath are required; and

(7) Advise in writing the person upon whom the demand is served that the material or statements may constitute a basis for prosecution against the person.

(e) *Prohibition against unreasonable demand.* No investigatory demand shall:

(1) Contain any requirement which would be unreasonable or improper if contained in a subpoena or a subpoena duces tecum issued by a court of this state; or

(2) Require the disclosure of any material which would be privileged from disclosure if demanded by a subpoena or a subpoena duces tecum issued by a court of this state.

(f) *Service of investigative demand.* (1) An investigative demand may be served by:

(i) Delivering an executed copy to the person to be served, or if the person is not a natural person, to any partner, executive officer, managing agent, general agent, or to any agent of the person authorized by appointment or by law to receive service of process on behalf of the person;

(ii) Delivering an executed copy to the principal office or place of business of the person to be served; or

(iii) Mailing by certified mail, return receipt requested, an executed copy addressed to the person to be served, or if the person is not a natural person, addressed to its principal office or place of business in this state, or if it has none in this state, to its principal office or place of business

(2) A verified return by the individual serving any demand or petition setting forth the manner of service is prima facie proof of service. In the case of service by certified mail, the return shall be accompanied by the return post office receipt of delivery of the demand.

(g) *Authorization to examine.* The examination of all persons pursuant to this section shall be conducted by the attorney general or a representative designated in writing by him or her, before an officer authorized to administer oaths in this state. The statements made shall be taken down stenographically or by a sound recording device and shall be transcribed.

(h) *Rights of persons served with investigative demands.* Any person required to attend and give testimony or to submit documentary material pursuant to this section is entitled to retain, or, on payment of lawfully prescribed cost, to procure, a copy of any document he or she produces and of his or her own statements as transcribed. Any person compelled to appear under a demand for oral testimony pursuant to this section may be accompanied, represented, and advised by counsel. Counsel may advise the person in confidence, either upon the request of the person or upon counsel's own initiative, with respect to any question asked of the person. The person or counsel may object on the record to any question, in whole or in part, and shall briefly state for the record the reason for the objection. An objection may properly be made, received, and entered upon the record when it is claimed that the person is entitled to refuse to answer the question on grounds of any constitutional or other legal right or privilege, including the privilege against self incrimination. The person shall not otherwise object to or refuse to answer any question, and shall not by him or herself or through counsel interrupt the oral examination. If the person refuses to answer any question, the attorney general may petition the superior court for an order compelling the person to answer the question. The information and materials supplied to the attorney general pursuant to an investigative demand are not permitted to become public or be disclosed by the attorney general or his or her employees beyond the extent necessary for legitimate law enforcement purposes pursuant to this chapter.

(i) *Witness expenses.* All persons served with an investigative demand, other than those persons whose conduct or practices are being investigated or any officer, director, or person in the employment of the person under investigation, are paid the same fees and mileage as paid witnesses in the courts of this state. No person is excused from attending the inquiry pursuant to the mandate of an investigative demand or from giving testimony, or from producing documentary material or from being required to answer questions on the ground of failure to tender or pay a witness fee or mileage, unless demand for the witness fee or mileage is made at the time testimony is about to be taken and unless payment of the witness fee or mileage is not made.



(j) *Custody of documents.* (1) The attorney general shall design[ate] from within the department of attorney general, an investigat[or to] serve as racketeer document custodian and any racketeering inv[es]tigators that he or she determines are necessary to serve as deput[ies] to that officer.

(2) Any person on whom any demand issued under this section h[as] been served shall make the material available for inspection a[nd] copying or reproduction to the custodian designated in the demand [at] the principal place of business of the person, or at any other pla[ce] that the custodian and the person subsequently agree and prescri[be] in writing or as the court may direct, pursuant to this section on t[he] return date specified in the demand, or on any later date that t[he] custodian may prescribe in writing. The person may, upon writt[en] agreement between the person and the custodian, substitute copies [of] all or any part of the material for originals of the materials.

(3) The custodian to whom any documentary material is deliver[ed] shall take physical possession of it, and is responsible for its use a[nd] for its return pursuant to this chapter. The custodian may cause t[he] preparation of any copies of the documentary material that a[re] required for official use under regulations which are promulgated [by] the attorney general. While in the possession of the custodian, [no] material produced shall be available for examination, without t[he] consent of the person who produced the material, other than f[or] legitimate law enforcement purposes pursuant to this chapter. Und[er] any reasonable terms and conditions that the attorney gener[al] prescribes, documentary material while in the possession of t[he] custodian shall be available for examination by the person wh[o] produced the material or any authorized representatives of t[he] person.

(4) Whenever any attorney has been designated to appear o[n] behalf of the state before any court or grand jury in any case [or] proceeding involving any alleged violation of this chapter, the cust[o]dian may deliver to the attorney any documentary material in t[he] possession of the custodian that the attorney determines to [be] required for use in the presentation of the case or proceeding o[n] behalf of the state. Upon the conclusion of any case or proceeding, t[he] attorney shall return to the custodian any documentary mater[ial] withdrawn which has not passed into the control of the court or gra[nd] jury through its introduction into the record of the case or proceedi[ng].

(5) Upon the completion of the investigation for which any do[cu]mentary material was produced under this chapter, and any case [or] proceeding arising from the investigation, the custodian shall retur[n] to the person who produced the material all the material, other tha[n] copies of it made by the custodian pursuant to this section, which ha[s] not passed into the control of any court or grand jury through i[ts] introduction into the record of the case or proceeding.

(6)(i) When any documentary material has been produced by an[y] person under this chapter, and no case or proceeding arising from i[t]

has been instituted within a reasonable time after completion of the examination and analysis of all evidence assembled in the course of the investigation, the person is entitled, upon written demand made upon the custodian, to the return of all documentary material. Provided, that no documentary material shall be tendered, delivered, or made available to any other state, federal, or municipal agency.

(ii) Anyone who knowingly and willfully violates the provision of this subdivision shall, in addition to any civil liability, be punished by a fine of not more than five hundred dollars ($500) and/or imprisonment for no longer than one year.

(7) In the event of the death, disability, or separation from service of the custodian of any documentary material produced under any demand issued under this chapter or the official relief of the custodian from responsibility for the custody and control of the material, the attorney general shall promptly designate another racketeering investigator to serve as custodian of the documentary material, and transmit notice in writing to the person who produced the material as to the identity and address of the designated successor. Any designated successor has all duties and responsibilities as to the materials imposed by this chapter on his or her predecessor in office as to them, except that he or she is not responsible for any default or dereliction which occurred before his or her designation as custodian.

(k) *Enforcement of investigative demands for production.* Whenever any person fails to comply with any civil investigative demand served upon him or her under this chapter requiring the production of documentary material, or whenever satisfactory copying or reproduction of that material cannot be done, and the person refuses to surrender the material, the attorney general may file in the superior court and serve upon the person a petition for an order of the court for the enforcement of the demand.

(*l*) *Refusal of persons served to testify or produce documents.* Whenever any natural person neglects or refuses to attend and give testimony or to answer any lawful inquiry or to produce documentary material if in his or her power to do so in obedience to an investigative demand served upon him or her under this chapter, he or she may be adjudged in civil contempt by the superior court until any time that he or she purges him or herself of contempt by testifying, producing documentary material or presenting written answers as ordered. Any natural person who commits perjury or false swearing in response to an investigative demand pursuant to this section is punishable pursuant to the provisions of chapter 33 of title 11.

(m) *Motion to quash.* Within twenty (20) days after the service of an investigatory demand upon any person, or at any time before the return date specified in the demand, whichever period is shorter, the person served may file in the superior court and serve upon the custodian a petition for an order of the court modifying or setting aside the demand. The time allowed for compliance with the demand in whole or in part as deemed proper and ordered by the court shall not run during the pendency of the petition in the court. The [petition] shall specify each ground upon which the petitioner relies i[n seeking] relief, and may be based on any failure of the demand to com[ply with] the provisions of this chapter or on any constitutional or oth[er legal] right or privilege of the person.

(n) *Right of persons producing documents.* At any time [during] which any custodian is in custody or control of any docu[mentary] material delivered by any person in compliance with an invest[igative] demand, the person may file in the superior court and serve u[pon the] custodian a petition for an order of the court requiring the [perfor]mance by the custodian of any duty imposed upon him or her [by this] chapter.

(o) *Duty to testify.* (1) If, in any investigation brought [by the] attorney general pursuant to this section, any individual re[fuses to] attend or to give testimony or to produce documentary materi[al or to] answer a written interrogatory in obedience to an invest[igative] demand or under order of court on the ground that the testin[mony or] material required of him or her may tend to incriminate hi[m, that] person may be ordered to attend and to give testimony or to p[roduce] documentary material or to answer the written interrogatory, [or] an applicable combination of these. The above order is an o[rder of] court given after a hearing in which the attorney gener[al has] established a need for the grant of immunity, as subseq[uently] provided.

(2) The attorney general may petition the presiding justice [of the] superior court for an order as described in subdivision (1) [of this] subsection. The petition shall set forth the nature of the investi[gation] and the need for the immunization of the witness.

(3) Compelled testimony shall not be used against the wit[ness as] evidence in any criminal proceedings against him or her in any [court.] However, the grant of immunity does not immunize the witnes[s from] civil liability arising from the transactions about which testim[ony is] given, and he or she may nevertheless be prosecuted or subje[ct to] penalty or forfeiture for any perjury, false swearing, or co[ntempt] committed in answering or in failing to answer or in pro[ducing] evidence or failing to do so in accordance with the order. If a [person] refuses to testify after being granted immunity from prosecuti[on and] after being ordered to testify, he or she may be adjudged [in] contempt by the superior court until any time that he or she [purges] him or herself of contempt by testifying, producing docum[entary] material or presenting written answers as ordered. The abo[ve does] not prevent the attorney general from instituting other app[ropriate] contempt proceedings against any person who violates any [of the] above provisions.

**History of Section.**
P.L. 1979, ch. 204, § 1.

**Cross References.** Witness fees a[nd mile]age, §§ 9-29-7, 12-20-7.

**7-15-8. Jurisdiction.** — The superior court has jurisdiction to hear and determine all matters arising under this chapter and to enter any orders that may be required to implement the provisions of this chapter.

**History of Section.**
P.L. 1979, ch. 204, § 1.

**7-15-9. Remedies cumulative.** — The criminal sanctions and civil remedies provided for in this chapter are cumulative of each other and of existing powers and remedies which are provided for by statute or are inherent in the court.

**History of Section.**
P.L. 1979, ch. 204, § 1.

**7-15-10. Construction.** — The provisions of this chapter shall be liberally construed to effectuate its purpose.

**History of Section.**
P.L. 1979, ch. 204, § 1.

**7-15-11. Severability.** — If any provision of this chapter is held unconstitutional, this decision does not affect the validity of the remainder of the chapter.

**History of Section.**
P.L. 1979, ch. 204, § 1.

## CHAPTER 16

## THE RHODE ISLAND LIMITED LIABILITY COMPANY ACT


SECTION.
7-16-1. Short title.
7-16-2. Definitions.
7-16-3. Purpose and duration.
7-16-4. Powers.
7-16-5. Formation.
7-16-5.1. Conversion of certain entities to a limited liability company.
7-16-5.2. Approval of conversion of a limited liability company.
7-16-6. Articles of organization.
7-16-7. Execution of articles.
7-16-8. Filing.
7-16-9. Name — Fictitious business names.
7-16-10. Reservation of name — Transfer of reserved name.
7-16-11. Resident agent.
7-16-12. Amendment and restatement of articles of organization.
7-16-13. Certificates of correction.

SECTION.
7-16-14. Management by members.
7-16-15. Managers.
7-16-16. Election and removal of managers.
7-16-17. Duties of managers.
7-16-18. Limitation of liability of managers.
7-16-19. Action by managers.
7-16-20. Agency power of managers.
7-16-21. Voting rights of members.
7-16-22. Records and information.
7-16-23. Liability of members and managers.
7-16-24. Contributions to capital.
7-16-25. Liability for contribution.
7-16-26. Sharing of profits and losses.
7-16-27. Sharing of distributions.
7-16-28. Interim distributions.
7-16-29. Distributions upon withdrawal.
7-16-30. Distribution in kind.





SECTION.
7-16-31. Restrictions on making distributions.
7-16-32. Liability upon wrongful distribution.
7-16-33. Right to distribution.
7-16-34. Nature of membership interest.
7-16-35. Assignment of membership interest.
7-16-36. Right of assignee to become a member.
7-16-37. Rights of judgment creditor.
7-16-38. Powers of estate of a member.
7-16-39. Dissolution.
7-16-40. Judicial dissolution.
7-16-41. Revocation of certificate of organization.
7-16-42. Issuance of certificates of revocation.
7-16-43. Withdrawal of certificate of revocation.
7-16-44. Appeal from revocation of certificate of organization.
7-16-45. Winding up.
7-16-46. Distribution of assets.
7-16-47. Articles of dissolution.
7-16-48. Law governing foreign limited liability companies.
7-16-49. Registration of foreign limited liability company.
7-16-50. Issuance of registration of foreign limited liability company.
7-16-51. Name registration by foreign limited liability company.
7-16-52. Amendments to registration of foreign limited liability company.
7-16-53. Cancellation of registration of foreign limited liability company.


**7-16-1. Short title.** — This chapter … cited as the Rhode Island Limited Liabi…

**History of Section.**
P.L. 1992, ch. 280, § 1.

**7-16-2. Definitions.** — As used in t… otherwise requires:

(1) "Articles of organization" means … 16-5 for the purpose of forming a limit…

(2) "Authorized person" means a pers… who is authorized by the articles of or… agreement, or otherwise, to act on b… company or foreign limited liability com… or otherwise.

(3) "Bankruptcy" means a proceedin… Bankruptcy Code or under state insolve…