EX. J

James C. Marcello
152 Cross Road
Stetson, ME 04488
Tel: (207) 296-3433

March 8, 2005

Office of the Clerk
**PROVIDENCE SUPERIOR COURT**
250 Benefit Street
Providence, RI 02903
Tel: (401) 222-3250

**RE: JAMES C. MARCELLO vs. NUNO C. NEVES, et al**
**CA. NO. PC-04-3972**

Dear Clerk of Court,

Enclosed for filing is: PAGE(S)

| | |
|---|---|
| ATTACHED OMNIBUS CALENDAR ASSIGNMENT FORM | att |
| PLAINTIFFS AFFIDAVIT AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT | 17 |
| PLAINTIFFS MOTION FOR SUMMARY JUDGMENT | 18 |
| PLAINTIFFS AFFIDAVIT AND CONSOLIDATED MEMORANDUM OF LAW IN OPPOSITION & IN SUPPORT OF A MOTION FOR SUMMARY JUDGM. | |
| CERTIFICATE | 1-34 |
| ADDENDUM | 1-258 |
| A-1: Plaintiffs Affidavit in Opposition to defendants motion for summary judgment | 1 |
| A-2: Plaintiffs Affidavit in support of a motion for summary judgment | 2 |

Notation: The defendants have filed a motion for summary judgment on the calendar of March 29, 2005. Plaintiff files opposition and seen at page 17.

Plaintiff also files motion for summary judgment and calling it for the same day of March 29, 2005 at 9:30 a.m. and seen at page 18.

Please contact me at the above return or phone if I can be of any assistance to you.

Sincerely yours,
[signature]
JAMES C MARCELLO

CERTIFIED MAIL
A# 7004 0750 0002 2470 4824 * Joe Moretti(#5092)
A# 7004 0750 0002 2470 4817 * Nuno & Natalia Paiva-Neves
A# 7004 0750 0002 2470 4800 * Clerk of Prov.Sup.Ct.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# OMNIBUS CALENDAR ASSIGNMENT FORM

SUPERIOR COURT

☒ PROVIDENCE/BRISTOL ☐ KENT ☐ WASHINGTON ☐ NEWPORT

1. JAMES C. MARCELLO
VS. NUNO NEVES and NATALIA PAIVA-NEVES

2. CASE NO. PC-04-3972

3. **REQUESTED CALENDAR ASSIGNMENT**

☒ J Jury Trial **TRIAL CALENDAR** ☐ N Non-Jury Trial

4. **FORMAL AND SPECIAL CAUSE CALENDAR**

☐ AGA Agency Appeal
☐ AOD Assessment of Damages
☐ CNA Confirm Arbitration
☐ CNP Contempt Proceedings
☐ DEJ Declaratory Judgment
☐ EOJ Entry of Judgment
☐ FFR First and Final Report
☐ FRR Foreclosure of Right of Redemption
☐ FRS Friendly Suit
☐ OPC Oral Proof of Claim
☐ MNJ Mandatory Injunction
☐ MEL Mechanic's Lien
☐ MAT Motion to Attach
☐ PRT Partition Proceedings
☐ PAT Petition to Appoint Temporary Receiver
☐ PEN Petition to Enforce
☐ PIN Petition for Instructions
☐ PRE Petition to Reclaim
☐ PES Petition to Sell
☐ PPI Preliminary Injunction
☐ POC Proof of Claim
☐ RCP Receivership Proceedings
☐ SUP Supplementary Proceedings
☐ TRO Temporary Restraining Order
☐ TIP Title Proceedings
☐ TSP Trustee Proceedings
☐ VAR Vacate Arbitration
☐ WOM Writ of Mandamus
☐ WOR Writ of Replevin

☐ OTH Other FSC Matter

**DISPOSITIVE MOTION CALENDAR (TUESDAYS, PROV. ONLY)**

☐ MTD Motion to Dismiss, Under Rule 12
☐ MJP Motion for Entry of Judgment on Pleadings
☐ MPS Motion for Partial Summary Judgment
☒ MSJ Motion for Summary Judgment

☐ MTN Other Dispositive Motion

HEARING DATE 3/29/05 FSC/MOTION CAL. CLERK DATE 3/8/05

5. **SPECIAL MASTER CALENDAR**

☐ CIC Criminal Injury Compensation HEARING DATE CLERK

6. **METHOD OF ASSIGNMENT**

☐ Motion to Assign ☐ Stipulation to Assign ☐ Court Order Pursuant to Temporary Ex Parte Order

BASED ON METHOD OF ASSIGNMENT, STATE ANY RELEVANT INFORMATION BELOW

7. ATTORNEYS DATE 3/8/05

Signatures James Marcello (Plaintiff's) (Defendant's)

Print Name JAMES C. MARCELLO, pro se

8. DATE / TIME STAMP

SR-11 (Rev. 2/91)

PLAINTIFF'S ATTORNEY

3800

PC 04-3972

7004 0750 0002 2470

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ 5.30 |
| Certified Fee | 2.30 |
| Return Reciept Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 9.35 |

Postmark Here

Sent To JOE MORETTI (#5092)
Street, Apt. No.; or PO Box No. 300 CENTERVILLE ROAD
City, State, ZIP+4 WARWICK, RI 02886

PS Form 3800, June 2002 See Reverse for Instructions

7004 0750 0002 2470 4817

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ 5.30 |
| Certified Fee | 2.30 |
| Return Reciept Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 9.35 |

STETSON ME MAR 2005
Postmark Here

Sent To NUNO & NATALIA PAIVA-NEVES
Street, Apt. No.; or PO Box No. 557 MAPLE AVENUE
City, State, ZIP+4 BARRINGTON, RI 02806

PS Form 3800, June 2002 See Reverse for Instructions

7004 0750 0002 2470 4800

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ 5.30 |
| Certified Fee | 2.30 |
| Return Reciept Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 9.35 |

STETSON ME MAR
Postmark Here

Sent To PROVIDENCE SUPERIOR COURT
Street, Apt. No.; or PO Box No. 250 BENEFIT STREET
City, State, ZIP+4 PROVIDENCE, RI 02903

PS Form 3800, June 2002 See Reverse for Instructions

Filed 3/29/05 [illegible]

39

3-10-05

PC 04-3977

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Office of the Clerk
PROVIDENCE SUPERIOR COURT
250 BENEFIT STREET
PROVIDENCE, RI 02903

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Guy Costa ☐ Agent ☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery 3-10-05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
■ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) # 7004 0750 0002 2470 4800

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540

7004 0750 0002 2470 4800

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NUNO & NATALIA PAIVA-NEVES
557 MAPLE AVENUE
BARRINGTON, RI 02806

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Maria Paiva ☐ Agent ☐ Addressee

B. Received by (Printed Name) M PAIVA

C. Date of Delivery 3-10-05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
■ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7004 0750 0002 2470 4817

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540

7004 0750 0002 2470 4817

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JOE MORETTI (#5092)
300 CENTERVILLED RD.
WARWICK, RI 02886

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X J. Desrosiers ☐ Agent ☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery 3/14

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7004 0750 0002 2470 4824

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540

7004 0750 0002 2470 4824

IN THE
PROVIDENCE SUPERIOR COURT
DISTRICT OF RHODE ISLAND

AN ACTION FOR TRESPASS AND EJECTMENT TO TRY TITLE
PURSUANT TO RIGL § 34-20-2 + § 8-2-14

NO. PC-04-3972

JAMES C. MARCELLO

- Plaintiff -

vs.

NUNO C. NEVES, and NATALIA PAIVA-NEVES

- Defendants -

PLAINTIFFS AFFIDAVIT AND MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

PLAINTIFFS MOTION FOR SUMMARY JUDGMENT

PLAINTIFFS AFFIDAVIT AND CONSOLIDATED MEMORANDUM OF LAW
IN OPPOSITION TO AND IN SUPPORT OF A MOTION FOR SUMMARY JUDGMENT

JAMES C. MARCELLO, pro se

James C. Marcello
152 Cross Road
Stetson, Maine 04488
Tel: (207) 296-3433

Pro se Litigant

# TABLE OF CONTENTS


| | PAGE(S) |
|---|---|
| Table of Contents | i |
| Table of Authorities | ii |
| Statement of Issues Presented | iii |
| Statement of the Case | 1-16 |
| PLAINTIFFS AFFIDAVIT AND MEMORANDUM OF LAW IN OPPOSITION TO A MOTION FOR SUMMARY JUDGMENT | 17 |
| PLAINTIFFS MOTION FOR SUMMARY JUDGMENT | 18 |
| PLAINTIFFS AFFIDAVIT AND CONSOLIDATED MEMORANDUM OF LAW IN OPPOSITION TO AND IN SUPPORT OF A MOTION FOR SUMMARY JUDGMENT | 19-34 |
| a. Summary of Facts | 19 |
| b. Memorandum - Res Judicata - Voids Judgments | 20 |
| ARGUMENT AND LAW | 21-33 |
| CONCLUSION | 34 |
| CERTIFICATE | 34 |
| ADDENDUM | 1-258 |
| A.1: Plaintiffs Affidavit in Opposition to defendants motion for summary judgment | 1 |
| A.2: Plaintiffs Affidiavit in support of a motion for summary judgment | 2 |

## TABLE OF AUTHORITIES


| CASE LAW | PAGE(S) |
|---|---|
| Westerly Prob. Ct. v. Potter, 26 R.I. 202, 58 A 661 | 20 |
| Dewey, J., Holman v. Perry, 4 Metc. (Mass.) 492 | 21 |
| Wood v. Hammond, 16 R.I., 17 A. 324 (1889). | 22 |
| Providence v. Adams, 11 R.I. 190. | 23 |
| Saltman v. Atlantic Realty Co., 434 A.2d 1343 (R.I. 1981) | 24 |
| Lennon v. MacGregor, 423 A.2d 820 (R.I. 1980) | 24 |
| Eckilson v. Greene, 61 R.I. 394, 1 A.2d 117 (1938) | 24 |
| Bucker v. Bucker, 185 Ky. 540, 215 S.W. 420 (1919) | 26 |
| Wright v. Zeigler, 1 Ga. 324 (1846) | 26 |
| Hall v. Bushnell, 209 Ala. 173, 95 So. 824 (1923) | 28 |
| Nicholas' Heirs v. Jones, 10 Ky. 385, 3 A.K. Marsh. 385 (1821) | 28 |
| Schaeffer v. Brown, 23 R.I. 364, 50 A 640 | 29 |
| Providence v. Adams, 11 R.I. 190. | 29 |
| Tiffany v. Babcock, 154 A. 784, 51 R.I. 350 | 31 |
| Cook v. Sinnanmon, 47 Ill, 214 | 32 |
| Doe v. Garnard, 13 Q.B. 945, 66 ECL 945, 116 Reprint 1524, 3+4 Wm... | 32 |
| Oldham v. Oldham, 58 R.I. 268, 192 A.758 (1937) | 33 |

| RI STATUTES | | |
|---|---|---|
| § 33-5-10 | Methods of revoking will | 5 |
| § 33-7-6 | Investigation of alledged concealment of will | 5 |
| § 33-1-1.(1) | Real estate descending by intestacy to children.... | 6 |
| § 33-19-3 | Authority to sell real estate | 10 |
| § 11-41-3 | Embezzlement and fraudulent conversion | 11 |
| § 7-15-3 | (RICO Statute) Penalties for violation | 11 |
| § 11-42-2 | Receiving stolen goods | 13 |
| § 33-19-3 | Authority to sell real estate | 13 |
| § 33-19-3 | Authority to sell real estate | 15 |
| § 11-41-4 | Obtaining property by false pretenses + impers | 15 |
| § 33-19-3 | Authority to sell real estate | 22 |

| CORPUS JURIS LAW | | | | |
|---|---|---|---|---|
| 34 C.J. | Judgments | Res Judicata | § 1183 Void Judgments | 20 |
| 34 C.J. | Judgments | Res Judicata | § Matters not in issue | 23 |
| 34 C.J. | Judgments | Res Judicata | § 1360 Trespass | 29 |
| 34 C.J.S. | Exec/Admi | Sale | § 303 Control of Courts | 21 |
| 34 C.J.S. | Exec/Admi | Sale | § Title/Rights Purchaser | 26 |
| 34 C.J.S. | Exec/Admi | Sale | § 319 Setting aside Sale | 28 |
| 2 C.J.S. | Adve/Poss | Elements | § 27 Disseizin or Ouster | 31 |

# STATEMENT OF ISSUES PRESENTED

## Defendants Issues Presented

A.
Whether The Estate's Right To Convey The Property To Defendants Has Been Fully Adjudicated And Not Subject to Collateral Attack.

B.
Whether The Plaintiff Has Provided No Basis to Collaterally Attack The Probate Cour' Order.

## Plaintiffs Issues Presented

1.
Whether Defense Alledged Is Clearly A Sham Or Frivolous, Even Though It Is Necessary To Decide An Important Question Of Law.

2.
Whether Defendants Alledged Facts Which, If Proved, Does Not Constitute A Good Defense To The Action.

3.
Whether Defendants Motion Is Interposed Of Unmeritorious Defenses For Purposes Of Delay.

4.
Whether Defendants Present Clearly No Substantial Defense To The Action And No Legal Defense In Law.

5.
Whether Defendants Are Not Bona Fide Purchasers, Acted In Bad Faith, Committed Fraud And Covin With Impersonating Executor And Attorneys, Had Notice Of Plaintiffs Interest Prior To Sale.

6.
Whether Plaintiff Has Not Ratified, Nor Acquiesced In The Sale, Received No Respective Portions Of the Purchase Money, Nor Participated In Benefits Of The Transaction To Alledged Purchasing Defendants.

7.
Whether Defendants Under The Facts Are Not Entitled To Defend, And Present No Doubt As To The Defense.

8.
Whether Plaintiffs Indentity And Non Identity Of Parties In Chain Of Title Exist.

9.
Whether Ouster Of Plaintiff In Prior Possession And Subsequent Entry Of Defendants Under Void Executive Deed Equivalents Disseizi

10.
Whether Plaintiffs Claim Of Title By Descent Exist.

## STATEMENT OF THE CASE

On June 9, 2000, Insane/Incompetent and delusional Alzheimer Dementia patient, Rudolph Nicholas Marcello, a/k/a Nicholas F. Marcello, was exclusively discharged from the Desilets Nursing Home in Warren RI into the care and custody of his only child, the plaintiff, James C. Marcello.

A copy of the discharge is attached and seen at (ADD: 3+4 ).

On the face of the discharge, page (1 of 2), at the top left hand corner, it indicates a diagnosis of the insane patient a/k/a Nicholas F. Marcello of "Alzheimer Dementia". Further on the face it indicates a list of anti-pschotic drugs to control the insane delusions as a result of dead brain cells. (ADD: 3 ).

On the second page of the discharge, page (2 of 2), it indicates that the insane/incompetent patient Nicholas F. Marcello is prone to agitation and confusion, and is a hi risk for elopement and wandering off, requiring a 24 hour a day watch and control by a guardian. (ADD: 4 ).

Further on the second page of the discharge, it indicates that the discharging nurse explained to the plaintiff son James C Marcello that she was unable to arrange the necessary home health care service required for the discharging insane patient, and personally explained that your father has very bad heart, that the necessary heart medications are absolutely required daily, and he would die without them. (ADD: 4 ).

## STATEMENT OF THE CASE

Finally, on the second page of the discharge, it indicates the signature of said plaintiff James C. Marcello, power of attorney for his father a/k/a Nicholas F. Marcello, lower right corner, indicating who in fact sign the patient out, and the presumption that a/k/a Nicholas F. Marcello was insane/incompetent to sign any and all legal documents. (ADD: 4 )

This synopsis is made to declare that Rudolph Nicholas Marcello, a/k/a Nicholas F. Marcello was in fact insane and incompetent prior to the alledged signing of the purported will on 3/6/02, and that he died intestate, leaving no valid will, and that this fact is in contradiction to the defendants' sworn statement in his memorandum (II. Facts/Travel - quote: "Mr. Nicholas Marcello died testate on 9/28/02").

A copy of Defendants Memorandum is attached in (5) pages and the above quote is seen and framed at (ADD: 5 ).

# STATEMENT OF THE CASE

On and about March 6, 2002, Arthur T. Marcello, and John A. DeSano and Albert Mastriano, did then and their conspired to defraud the plaintiffs' father's estate by inducing said insane/incompetent Alzheimer Dementia home patient Rudolph Nicholas Marcello into signing papers against his will.

At approximately 8:30 a.m., the above mention parties did go to the home of said plaintiff's father, and did threaten the 72 year old retired homecare nurse that I hired, a Ms. Betty Barney, stating quote: "You Are A Theft And A Crook, Stay Out Of Our Business".

Subsequent to this threat, said plaintiffs father refused to sign the purported will documents, and then Ms. Betty Barney called the Barrington Police Department against the above mention inducing parties.

Following the phone call to the police, the above mentioned parties grabbed by the arm said plaintiffs father, and took him against his will out of his house and into their automobile, to flee the premise before the police got there.

At approximately 9:15 a.m., the above mentioned conspirators pulled into a nearby gas station called Vic's Texaco located on Maple Avenue, in Barrington RI, and took said plaintiff's father against his will out of the car, and then asked the owner Vic Texeira to be a second witness to the

## STATEMENT OF THE CASE

instrument purporting to be a will. Vic Texeira stated the situation was not right and would not sign those papers as a witness.

At approximately 9:30 a.m., the Barrington Police arrived at my father's house and Officer Joe Pine, overseer for Elderly Abuse, indicated to me by phone that your father is not here and that he was not going to make an investigation or arrest.

On March 6, 2002, an investigation by the RI Department of Elderly Abuse was conducted representative Ms. Carol Baker.

On March 12, 2002, Ms. Carol Baker indicated to me said plaintiff that she spoke to John DeSano and following that investigation of the inducement and obduction of Rudolph Nicholas Marcello, she stated to me quote: "Your father's Alzheimer Dementia cured itself and he is now competent again and we are not going to file criminal charges against John DeSano, Arthur T. Marcello, and Albert Mastriano."

It was at this point in time, that the State of Rhode Island insinuated itself into a position of interdependence with these private parties as joint participants in the conspiritorial action against the estate, by depriving the insane/incompetent 82 year old Alzheimer Dementia homepatient a/k/a/ Nicholas F. Marcello of the "Equal Protection" of the law.

## STATEMENT OF THE CASE

On April 26, 2002, Insane/Incompetent and delusional Alzheimer Dementia home patient, Rudolph Nicholas Marcello, a/k/a Nicholas F. Marcello, revoked everything on the papers that he was induced against his will and alledgedly signed on March 6, 2002, the instrument purporting to be a will, that the defendants present as Exhibit F, revoking in pursuant to RIGL § 33-5-10.

A copy of RIGL § 33-5-10 is attached and seen at (ADD:10).

A copy of the revoking letters to Arthur T. Marcello, John DeSano, Lorainne Derois, Clerk of Probate, certified receipts, etc., are attached and seen at (ADD:11-23).

This synopsis is made to declare that the filing of the revoked purported will dated 3/6/02 by Arthur T Marcello on October 10, 2002 in the probate court, as indicated in defendants Exhibit E, cannot invoke competent jurisdiction in said probate court, cannot be probated by law, in contradiction to defendants IV. Argument quote: "has been fully adjudicated..".

From April 26, 2002 to the date of death on September 28, 2002, of Rudolph Nicholas Marcello, a/k/a Nicholas F Marcello, Arthur T. Marcello and John A. DeSano, committed statutory crimes by concealing the purported will 3/6/02 from said Nicholas F. Marcello, who demanded the purported will back to destroy it, in violation to RIGL § 33-7-6, in revoking letters.

A copy of RIGL § 33-7-6 is attached and seen at (ADD:24).

The demand for the return of 3/6/02 will is at (ADD:12-15).

## STATEMENT OF THE CASE

On September 28, 2002, plaintiff's father Rudolph Nicholas Marcello died intestate, at the age of 82½, leaving no valid will.

For the last ten years of his life, he was insane/incompetent by reasoning of Alzheimer Dementia.

Furthermore, incompetent from 1942, when he was given a medical discharge from the army, and brought home, in a straight jacket, into his mother and fathers care and custody.

Over 2000 pages of Veterans Administration records exist verifying the live-time of incompetency of plaintiffs father Rudolph Nicholas Marcello.

The title of his property invested imediately on the day of his death, in it's entirety, in his only child, the plaintiff James C Marcello pursuant to RIGL § 33-1-1.(1).

A copy of RIGL § 33-1-1.(1) is seen at (ADD:25).

Plaintiff, now being the legal owner of the property located at 557 Maple Avenue Barrington RI on September 28, 2002, plaintiff, as he promised, planned and discussed with his father, conducted the funeral for his father and paid off the entire funeral bill by himself.

A copy of the proof of payments are seen at (ADD:26-29).

## STATEMENT OF THE CASE

On October 17, 2002, plaintiff paid-in-full, the entire only existing mortgage of his father in the amount of (§24,007.61) to RI Housing and Mortgage Finance.

On October 21, 2002, RI Housing cashed a Citizen Bank Check from plaintiff James C Marcello, of ($24,007.61), a copy of front/back is seen at (ADD:30 ).

On November 22, 2002, RI Housing sent a letter and original discharge of the mortgage to plaintiff James C Marcello at 557 Maple Avenue Barrington RI, and plaintiff filed and recorded the discharge on December 2, 2002 in the land records of Barrington, a copy of the letterhead and discharge is seen as (ADD:31-32). The discharge indicates a discharge on November 18, 2002.

On February 13, 2003, the second official discharge from the Secretary of Housing and Urban Development was signed, and entered in the Barrington Land Records on February 19, 2003.

A copy of 2nd discharge, deed, and letter head 4/3/03 is seen at (ADD:33-35 ).

From June,2000, up to February,2004, when the embezzlement and fraudulent conversion occurred, plaintiff made monthly tax payments and every utility bill consistently and efficiently.

A copy of the tax checks, utilities, and tax agreements are seen at (ADD:36-145 ).

STATEMENT OF THE CASE

On and February 1, 2003, Arthur T Marcello conspired with his attorneys John A DeSano,Bernard P Healy, and a David J Strachman, to brake and enter and commit larceny at my property in question located at 557 Maple Avenue Barrington RI.

On February 10, 2003, my neighbors, who remain confidental, witness Arthur t Marcello, Albert Mastriano, and a locksmith company, brake the close across the driveway, 3 no-trespassing signs posted, stealing antique china and antique furniture approx. value of $5000.00.

A worthles piece of paper that had the appearance of an order of some type, was counterfeited by the above attorneys void and signed by no attorney, was apparently used by the above mention to commit trespass quare clausum fregit and trespass de bonis asportatis.

A copy of the counterfeit document is seen at (ADD:146).

On April 7, 2003, at approx. 11:00 a.m., the Barrington Police busted Arthur T Marcello and Albert Mastriano braking and entering with an intent, I believe, to commit a second larceny at our property in question.

The police came back to our house and informed us that Arthur T Marcello and Albert Mastriano had no legal justification, at that time, and were told never to step on our property again.

STATEMENT OF THE CASE

On April 7, 2003, I heard Arthur T Marcello state to the police officers, at the time of the arrest, this house has to be sold.

The Barrington Police stated, on their second return to my property at about 11:30 a.m., that Arthur T Marcello claimed he received an injunction that morning for purposes of accessing the house and for sale of the house, police stated these alledged papers were not on Arthur T Marcello's possession at the time of the attempted brake and entering.

Notation, these above facts are in contradiction to defendants attorney Joe Moretti's II. facts/Travel, paragraph 3 quote: "A review of the order shows the travel of plaintiff's involvement in the probate cour proceedings when the Will was admitted for probate (Ex.G)."

On April 7, 2003, the plaintiff and his wife were in his home, the property in question, and not before the court that day when the alledged purported order of April 7, 2003, as defense alledged, "allowing the will for probate (Ex.G)".

On June 7, 2003, Arthur T Marcello being restrained by Barrington Police from entering onto my property in question located at 557 Maple Avenue Barrington RI, Arthur T Marcello conspires with his attorneys, John A DeSano,Bernard P Healy, Chief John LaCross of Barrington Police, Constable Alfred

## STATEMENT OF THE CASE

Harris, and Albert Mastriano, to a conspiracy of a Misuse of Process filed in the Providence 6th District Court, with the ulterior motive of embezzling and fraudulently converting into cash the plaintiff's father's estate over to the defendants, Nuno & Natalia Paiva-Neves, without the required authorization sale of a probate court pursuant to § 33-19-3.

Furthermore, within it's design, Arthur T Marcello's intent at the time, was to commit larceny of over $150,000.00 in antiques and equipment, etc., from the estate property, which no longer existed as an estate due to the title investing immediately into said plaintiff on September 28, 2002, the day of the death of his father, by intestate succession.

A copy of the process is seen in (10) pages at (ADD:147-156)

The process was void on it's face, due to the purported "Notice to Quit" being unsigned by Arthur T Marcello, nor any other person (SEE ADD:150+159).

The District Court had no jurisdiction over the matter, and required a dismissal, however, Arthur T Marcello threaten the plaintiff and his children, threatening that he was going to pay money to judges and police to put us in jail to get the house.

On July 23, 2003, Arthur T Marcello purchased a default judgment from a Judge Gorman, and then went to Chief John LaCross to conspire in committing constitutional crimes against the plaintiff, by using unlawful police power against plaintiff.

## STATEMENT OF THE CASE

On and about August 13, 2003, attorneys John A DeSano, Bernard P Healy, Constable Alfred Harris, Arthur T Marcello, and Albert Mastriano, did then and there in the Town of Barrington RI, conspired with a local official one Chief John LaCross of the Barrington Police Department, and reach an understanding to commit crimes against the Constitutional rights of the plaintiff and his wife, by depriving them of their "life, Liberty, & Property" without due process of law.

The above parties mentioned, willfully participated in the joint activity with the local official as one of numerous overt acts within the course of an embezzlement and fraudulent scheme to obtain and or sell the plaintiffs' deceased father's estate the said property in question, located at 557 Maple Avenue in the town of Barrington RI.

These charges are made in violation of RIGL § 11-41-3, RICO STATUTE, and 42 U.S.C.A. § 1983.

A copy of the above are viewed at (ADD: 157-159 ).

Plaintiff was illegal arrested, illegally incarserated, illegal held without bail, and deprived of his the said property in question on August 13, 2003.

Attorney John A DeSano, counterfeited a writ of execution and provided to Chief John LaCross to bluff plaintiff off his property. (SEE DEFENSE EX.J)

## STATEMENT OF THE CASE

On August 13, 2003, Chief John LaCross, stole plaintiff's original deed to the said property in question filed and record in the land records of Barrington on July 8, 2003, that placed plaintiffs name on the said property.

A copy is seen at (ADD:160)

On August 14, 2003, while plaintiff was unconstitutional held in prison for the purpose of the embezzlement, defendants Nuno + Natalia Paiva-Neves, so innocently arrive at plaintiffs property and meet Arthur T Marcello there, knowing at the time plaintiffs interest in the property, and willfully disregarding such.

On October 1, 2003, plaintiff and his wife return back to his home, the property in question, legally and rightfully.

On October 13, 2003, Jones Moving and Storage admitted they came to my property on August 13, 2003, and moved antique furniture at the instructions of Arthur T Marcello to designated addresses.

On October 13, 2003, Mike Coleman, owner of Coleman Realities admitted planning to market my property with the atorneys after they put me in jail first. Further admitted, that he knew I was back in the house and will wait for further instructions from Arthur T Marcello and John DeSano about remarketing the house after they put you away again.

## STATEMENT OF THE CASE

On and about November 1, 2003, the defendants Mr. Nuno & Natalia Paiva-Neves, through covin and fraud with Arthur T. Marcello and enterprise, consisting of attorneys Bernard P. Healy, John A. DeSano, Chief John LaCross, and Jeffrey F. Caffrey, the designated notary to the forged Executor's Deed dated 2/6/04, did willfully enter into a Civil Conspiracy agreement to a Misuse of legal process, prior to entry into said plaintiffs' father's estate, agreeing to wait till the misuse of legal process was imploid against said plaintiff and achieved, illegally incarserating said plaintiff and ridding him from the estate property, and then agreeing to purchase the stolen estate property with "guilty knowledge" at a grossly inadequate price, in violation of RIGL § 11-42-2.

A copy of RIGL § 11-41-2 is attached and seen at (ADD:161).

Further, on and about that time, the defendants knew that Arthur T. Marcello was acting under impersonation as an executor of said plaintiffs father's estate, and further did they know, that Arthur T. Marcello was without the required RI Statutory Authorization Order of a Probate Court to sell the estate legally to them, in violation to RIGL § 33-19-3.

A copy of RIGL § 33-19-3 is attached and seen at (ADD:162).

The defendants are not bona fide purchaser, for on October 14, 2003, they found said plaintiff and his wife in possession of his father's estate and informed of the interest in the premise, open, visible, continuous, etc., and the possession of

## STATEMENT OF THE CASE

said equitable plaintiff clamant, at the time of consummation of the sale on 2/6/04 is effective, whereby said plaintiff charges the purchaser defendants with notice as the recording of an instrument prior to such purchase.

Therefore, on November 17, 2003, Arthur T. Marcello and enterprise, did imploid a misuse of legal process against said plaintiff in the Providence Superior Court (CA NO. 03 6003) to obtain the ulterior purpose of embezzlement and fraudulent conversion of said plaintiff's father's estate to said defendants, which the process was not intended by law to effect.

On December 8, 2004, a hearing was scheduled, and a premeditated illegal arrest and incarseration was plan for December 10, 2004, to give an appearance that the order on the 8th presumably intended, was the result thereof.

However, the hearing was continued to the 12th of December, 2004, and an order entered, said plaintiff was jailed prior to the order, and the perversion of the process was out of context, and not intended by law.

On December 12, 2004, to the extent of the jurisdiction of the court, a mere restraining order from the person only was enter, however, said plaintiff was illegally jail for 90 days.

A copy of mere restraining order is attached at (ADD:163).

## STATEMENT OF THE CASE

On and about December 10, 2003, Arthur T. Marcello, impersonating 'executor of plaintiff's father's estate, and or his attorneys, Bernard P. Healy, John A. DeSano, and or Albert Mastriano, an incompetent perjured witness to plaintiff's father's purported will 3/6/02, did then and there paid bribes to and conspired with Chief John LaCross, a local official of the Barrington Police Department, to commit crimes against the constitutional rights of the said plaintiff and his wife, by depriving them of their "Life, Liberty, & Property" without due process of law.

A law suit was filed and is active against the above parties in the USDC of RI in violation of 42 U.S.C.A. § 1983 and 470 Racketeer Influence and Corrupt Organization (CA 05 004 ML).

A copy of RIGL § 11-41-4 'Obtaining Property by False Pretenses and Personation' is attached and seen at (ADD:164).

Subsequent to above date, Arthur T. Marcello, was draped with the power of the State of RI, establishing a formal procedure and working relationship, with the keys of the criminal justice system to achieve any and all illegal and wrongful acts against the said plaintiff and his wife, in meeting his objective ,in conspiracy with the above mention parties, to the embezzlement and fraudulent conversion of said plaintiff's father's estate, in violation to RIGL § 11-41-3.

A copy of RIGL § 11-41-3 is attached and seen at (ADD:157).

## STATEMENT OF THE CASE

On December 10, 2003, Arthur T. Marcello and enterprise, subordinated Barrington Police Officer Sgt. Lee Soito to did then and there willfully commit perjury in affidavit form, in causing the false arrest and illegal incarseration of said plaintiff.

A copy of criminal complaint complaint is seen at (ADD:165).

A copy of the perjured affidavit is seen at (ADD:166).

On December 10, 2003, Arthur T. Marcello and enterprise, did cause, for the said non bona fide defendants aware, caused a illegal violation of bail, and held without bail, of plaintiff.

A copy of the states notice and motion is seen at (ADD:167).

A copy of hearing notice & "Held Without Bail" at (ADD:168).

A copy of court dates 12/17/03, 2/11/04, and 2/18/04, while held without bail, and beyond the objective point of the embezzlement sale to said defendants on 2/6/04, is at (ADD:169).

On February 24, 2004, following the completion of the embezzlement sale to said non bonafide defendant, the fraudulent scheme to obtain the estate property was a success amongst state, Arthur T. Marcello inpersonating executor, that said plaintiff was now given release on own recognizance.

A copy of bail release is seen at (ADD:170).

This synopsis contradicts defendants Exhibit K, that is counterfeit, quote: "... enjoined plaintiff from re-entering the premises" see (ADD:171) framed, when plaintiff was in fact jailed and not before the court.

State of Rhode Island and Providence Plantations
Providence, ss. Superior Court.

| | | |
|---|---|---|
| JAMES C. MARCELLO | ] | |
| Plaintiff | ] | |
| vs. | ] | CA NO. PC-04-3972 |
| NUNO C. NEVES, et al | ] | |
| Defendants | ] | |

**PLAINTIFF'S AFFIDAVIT AND MEMORANDUM OF LAW IN OPPOSITION TO A MOTION FOR SUMMARY JUDGMENT**

Now comes the plaintiff and with good cause hereby object to the defendant's motion to assign the matter for summary judgment. In support of this objection, plaintiff rely on their affidavit and memorandum of law.

WHEREFORE, plaintiff prays that an order be entered against defendant and that the defendant's motion for summary judgment be Denied.

Respectively Submitted,

James Marcello

JAMES C. MARCELLO
152 Cross Road
Stetson, Maine 04488
Tel: (207) 296-3433

NOTICE

This matter has been scheduled to be heard on March 29, 2005 in the Providence County Superior Court, 250 Benefit Street, Providence,RI 02903.

James Marcello
JAMES C. MARCELLO

CERTIFICATION

I hereby certify that on MARCH 8, 2005, I mailed a copy of the within to Joe Moretti(#5092), 300 Centerville Rd., Warwick,RI 02886, and to the defendants, Nuno & Natalia Paiva-Neves, 557 Maple Avenue, Barrington,RI 02806.
(CER.ART)# 7004 0750 0002 2470 4824 * Joe Moretti—# 7004 0750 0002 2470 4817 * Nuno+Natalia Neves

James Marcello
JAMES C. MARCELLO

State of Rhode Island and Providence Plantations
Providence, ss. Superior Court.

| | | |
|---|---|---|
| JAMES C. MARCELLO | ] | |
| Plaintiff | ] | |
| vs. | ] | CA NO. PC-04-3972 |
| NUNO C. NEVES, et al | ] | |
| Defendants | ] | |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Now comes the plaintiff and hereby move for summary judgment. In support of his motion, plaintiff rely on their affidavit and memorandum of law filed in support of the motion.

WHEREFORE plaintiff prays that judgment enter against defendants and that plaintiff's complaint be GRANTED.

Respectively Submitted,

James Marcello

JAMES C. MARCELLO
152 Cross Road
Stetson, Maine 04488
Tel: (207) 296-3433

## NOTICE

This matter shall be called for hearing on the 29th day of MARCH, 2005, at 9:30 a.m. in the Providence County Superior Court, 250 Benefit Street, Providence, RI 02903.

James Marcello

JAMES C. MARCELLO

## CERTIFICATION

I hereby certify that on MARCH 8, 2005, I mailed a copy of the within to Joe Moretti(35092), 300 Centerville Rd., Warwick, RI 02886, and to the defendants, Nuno & Natalia Paiva-Neves, 557 Maple Avenue, Barrington, RI 02806.
(CER.ART)# 7004 0750 0002 2470 4824 * Joe Moretti—# 7004 0750 0002 2470 4817 * Nuno+Natalia Neves

James Marcello

JAMES C. MARCELLO

State of Rhode Island and Providence Plantations
Providence, ss. Superior Court.

| | | |
|---|---|---|
| JAMES C. MARCELLO | ] | |
| Plaintiff | ] | |
| vs. | ] | CA NO. PC-04-3972 |
| NUNO C. NEVES, et al | ] | |
| Defendants | ] | |

**PLAINTIFFS AFFIDAVITS AND CONSOLIDATED MEMORANDUMS OF LAW IN OPPOSITION TO AND IN SUPPORT OF A MOTION FOR SUMMARY JUDGMENT**

Summary of Facts

On 9/28/02, plaintiffs father, Nicholas F. Marcello, died intestate, insane/incompetent last 10 years, Alzheimer Dementia. Estate Title passed, on day of death, entirely to plaintiff. He executized entire estate immediately, ministering and paying entire father's funeral approx. ($5,000.00), paying entire father's mortgage ($24,007.62), lifting the lien on 10/17/02. No necessity for administration, probate jurisdiction never attached. However, a fraudulent scheme to obtain the real property, racketeering activity, ascended from life-time of decedent on 3/6/02 to the present, by concealment phase. Corrupt organization of will attorneys John A DeSano, Bernard P Healy, Chief John LaCross, Arthur T Marcello, & Albert Mastriano, established formal procedure & working relationship with state of RI, draping these private citizens with power of state, to use criminal justice system as a mechanism to commit constitutional crimes against plaintiff & wife, depriving them of "LIFE,LIBERTY,&PROPERTY", without due process of law, fraudulently converting estate to defendants, aware, on 2/6/04.

LAW

34 C.J. JUDGMENTS

XXI. RES JUDICATA

B. Merger and Bar of Causes of Action and Defenses

2. Judgments Operative as Bar / Validity of Judgment

(1) Void Judgments [§ 1183] p.768

Where a judgment is void for want of jurisdiction, whether of the subject matter or of the person of defendant, it is of no effect whatever as an estoppel, does not merge the cause of action, and constitutes no bar to further litigation upon the same cause of action, (7)

7 (R.I.--WESTERLY PROB. CT. v. POTTER, 26 R.I. 202, 58 A 661.)

7[a] Unauthorized judgments --(1)

The effect of res judicata cannot be ascribed to a judgment rendered without authority of law, as where it assumes to determine the rights of a party not before the court. **Westerly Prob. Ct. v. Potter, 26 R.I. 202, 58 A 661.**

FACTS

1. The probate court lacked competent jurisdiction over the plaintiffs' father's estate.

2. The parties in the probate court, as alledged by defense, are not the same parties before this court.

3. The issue before the probate court, as alledged by defense, is not the same issue before this court.

4. The probate court order, as alledged by defense, is void and not a final judgment.

## ARGUMENT AND LAW

There Are 10 Reasons Of Good Cause Shown Why The Defendants Motion For Summary Judgment Should Be Denied; & plaintiffs Granted:

### 1st Reason

**DEFENSE ALLEDGED IS CLEARLY A SHAM OR FRIVOLOUS, EVEN THOUGH IT IS NECESSARY TO DECIDE AN IMPORTANT QUETION OF LAW**

The probate of a will does not necessarily settle any question of title to real estate arising under such will. It establishes the due execution of the will by the testator, and is conclusive thus far; but as to his title, or his right to devise the property named in the will, it binds nobody who has any adverse interest. Questions of that character are to be settled by proper proceedings at law or in equity.

(Dewey, J., Holman v. Perry, 4 Metc. (Mass.) 492.)

Even if, the probate court had competent jurisdiction over my father's estate, and even if, the purported will of 3/6/02 was admitted for probate and order entered 4/21/03, as alledged by defense (Ex.G), it means nothing, to the extent of the question of title in this action, between plaintiff, only child of decedent, vs. defendants, alledged bona fide purchasers.

### 2nd Reason

**DEFENDANTS ALLEDGED FACTS WHICH, IF PROVED, DOES NOT CONSTITUTE A GOOD DEFENSE TO THE ACTION**

34 C.J.S. § 303. Control of Court - P.129-130: Where an order of court is required by statute, the executor cannot sell without such order, even though the will authorizes him to sell without the consent of any person or court. So, where the will, although empowering the executor to sell, declares that this power is subject to the assent or an order of court first being

had, the executor cannot convey land without the concurrance of the court in, or confirmation by the court of, his contract of sales;....

(R.I.--Wood v. Hammond, 16 R.I. 98, 17 A. 324 (1889).)

General Law Section § 33-19-3 States:

**RIGL § 33-19-3 Authority to sell real estate. -- The probate court which issued letters testamentary, of administration, guardianship, or conservatorship may grant authority to an executor or administrator to sell the real estate of a deceased person, or to a guardian or conservator to sell the real estate of his or her ward, for cash or on credit, upon a petition filed describing the particular estate to be sold and setting forth the facts on which the petition is founded.**

Defense alledges twice that quote: "The house was sold per the power of sale clause in the will", and, "The executor then property was then sold per the power of sale clause granted in the Will on 2/6/04". However, the defense favorably omits, the absence of the required RI Statutory Authorization Order of probate court pursuant to § 33-19-3, that purported executor, Arthur T. Marcello, did not in fact, acquire such authorization to sell said plaintiffs father's estate, at the time of the sale to said defendants on 2/6/04.

On May 10, 2004, Probate Judge Marvin Homonoff, admitts to the above stated fact that he did not grant Arthur T. Marcello the required authorization order to sell the estate of plaintiffs father, and to, admitting no order in file.

An Affidavit of plaintiff swearing to this fact is attached and seen at (ADD:1 ).

**ARGUMENT AND LAW**

3rd Reason

**DEFENDANTS MOTION IS INTERPOSED OF UNMERITORIOUS DEFENSES FOR PURPOSES OF DELAY**

Even if purported probate order 4/21/03 was not void for lack of jurisdiction over persons and subject matter (See Defendants EX.G), the issues of alledgedly admitting a will then, against the issue of said defendants alledged rights to the alledged purchase of the property, ten months later, on 2/6/04, cannot act as an estoppel because the alledged rights acquired were not prior to nor contained in the prior judgment and not in issue nor involved at that time.

34 C.J.-Judgments-[§ 1338] states:

> [§ 1338] h. Matters Not in Issue -- (1): If a particular point was not in issue or necessarily involved in the former suit, either on the face of the pleadings or in the sense of being actually tried as the decisive question in the case, it is not concluded for the purposes of a subsequent suit on a different cause of action. A judgment is not and cannot be considered as operating as an estoppel as to facts which did not occur or rights which did not accrue until after the particular judgment was rendered and which were not involved in the suit in which it was rendered;...
>
> (R.I.--Providence v. Adams, 11 R.I. 190.)

## ARGUMENT AND LAW

### 4th Reason

### DEFENDANTS PRESENT CLEARLY NO SUBSTANTIAL DEFENSE TO THE ACTION AND NO LEGAL DEFENSE IN LAW

The defendants' argument A quote: "The estate's right to convey..." is a frivolous defense without legal basis in law simple because an "estate" is not an entity known to the law. However, if defendant's had presented the proper question in context with such as "Whether Arthur T. Marcello's right to convey...", this would graciously provide this trial justice with a more refined purpose of "Issue Finding", and a genuine issue of material fact would exist (See **R.I.--Saltman v. Atlantic Realty / Lennon v. MacGregor).**

The defendant's argument B quote: "Plaintiff has provided no basis to collaterally attack the probate court order" (See Def.Ex: G Ord.4/21/03), is also a frivolous defense without legal basis in law simple because it doesn't exist in fact nor law, but simply an illusion, conjured up by defense attorney. However, probate proceedings and orders and decrees of courts of probate jurisdiction are not subject to collateral attack. Where the probate court is a court of limited jurisdiction a lack of jurisdiction may be shown collaterally where the lack of jurisdiction appears on the record. (See **R.I.--Eckilson v. Greene, 61 R.I. 394, 1 A.2d 117 (1938).)**

An affidavit of plaintiff in support of a motion for summary judgment, swearing to, in proof of plaintiffs claim, that there is no defense to the action, is attached an seen at. (ADD: 2 ).

## ARGUMENT AND LAW

### 5th Reason

**DEFENDANTS ARE NOT BONA FIDE PURCHASERS, ACTED IN BAD FAITH, COMMITTED FRAUD AND COVIN WITH IMPERSONATING EXECUTOR AND ATTORNEYS, HAD NOTICE OF PLAINTIFFS INTEREST PRIOR TO SALE,**

There Are 3 Sub-Reasons Of Good Cause Shown Why The Defendants Motion for Summary Judgment Should Be Denied:

**5.1: Notice of Plaintiffs Interest Prior to Sale:**

On October 14, 2003, the defendants came to the plaintiff's property in question and met them in occupacy. Plaintiff showed defendants all deeds of the estate history, self-indenification, relationship to deceased, deceased revoking letters 4/26/02 to Arthur T Marcello and John A DeSano revoking everything on purported will 3/6/02, plaintiffs payment of $24000.00 to deceased father's mortgage in full on 10/17/02 and lifting lien, ect., ect., and the absolute interest and right in keeping the property, and that Arthur T Marcello had no authorization order to sell the property to them. Defendants still entered into an alledged sale agreement on 2/6/04.

Plaintiff hereby charges defendants with notice effective on October 14, 2003, as the recording of an instrument prior to such purchase.

**5.2: Defendants Acted In Bad Faith:**

The defendants, on 2/6/04, knew Arthur T. Marcello was impersonating the office of executor, but also knew that he was not authorized by a will to make the sale to them, because of the documents personaly presented to him by plaintiff at said property in question on October 14, 2004.

ARGUMENT AND LAW

5th Reason

5.2: Defendants Acted In Bad Faith:

Furthermore, on October 14, 2003, while defendants were examining plaintiff's document, defendants became so riddle with guilt that they began walking away quickly to their automobile trying their best to avoid and disregard the information presented to them.

5.3: Defendants Committed Fraud and Covin With Impersonating Executor and Their Attorneys:

Defendants, on and about August 13, 2003, entered into an agreement to an alledged sale with the prior knowledge that said plaintiff, who occupied the property in question, would be illegally inprison and held without bail, to accommodate said defendants entry into the property.

On August 13, 2003, when plaintiff was illegally arrested and in carserated, said defendants on August 14, 2004, went to the property and met said impersonating executor Arthur T Marcello there. Defendants openly admitted this fact to plaintiffs on October 14, 2003, when plaintiff returned legally back to the said property in question.

On November 1, 2003, defendants met again with attorneys Jeff Caffrey, the notary of said purported executor deed 2/6/04, and Arthur T Marcello and his attorneys John A DeSano and Bernard P Healy, and agreed to plan another illegal arrest and incarseration of said plaintiff, the only child of the decedent, and hold him three months unconstitutionally, to accommodate their conspiracy to defraud said plaintiff. Defendants agreed to the conditions, with guilty knowledge that the property would be

ARGUMENT AND LAW

5th Reason

5.3: Defendants Committed Fraud and Covin With Impersonating Executor and Their Attorneys:

a purchase on their behalf of larceny, stolen property. But knowing that the stolen estate was being alledgedly sold for nearly (½) the market value, they could not resist. Furthermore knew at the time of alledged sale 2/6/04, that their deposit of approx. $115,000.00 was going to be used to offer a payoff to the heirs, after their wrongful entry into said property in question, as to a waiver of both legal and criminal liabilities against them and all others involved.

34 C.J.S. § 318 States:

[§ 318] Title and Rights of Purchaser - P.143

Where one purchases land from an executor as such, he is bound to know whether or not the executor is authorized by the will to make the sale, and if the executor has no such power the purchaser is not an innocent or bona fide purchaser. (Ky.--Buckner v. Buckner, 185 Ky. 540, 215 S.W. 420 (1919).)

A purchaser with notice of a defect in the executor's power to sell is not a bona fide purchaser; and if he has notice that the sale is made for a purpose other than that for which the will empowers the executor to sell, or is otherwise unauthorized, the legal title of the devisees is not divested. (Ky.--Buckner v. buckner,...).

Where the sale is tainted with fraud and covin between the executor and the purchaser, itis absolutely void and the title to the property remains unchanged. (Ga.--Wright v. Zeigler, 1 Ga. 324 (1846).)

## ARGUMENT AND LAW

### 6th Reason

**PLAINTIFF HAS NOT RATIFIED, NOR ACQUIESCED IN THE SALE, RECEIVED NO RESPECTIVE PORTIONS OF THE PURCHASE MONEY, NOR PARTICIPATED IN BENEFITS OF THE TRANSACTION TO ALLEDGED PURCHASING DEFENDANTS**

**6.1: No Ratification Of Simulated Sale:**

Plaintiff has never ratified this simulated and fraudulent sale, but with full knowledge of the fraud, maintains a Rejectment of it, and holds defendants for all claim of damages.

**6.2: No Acquiesced In The Simulated Sale:**

Plaintiff never remained silent, but rather spoke out immediately on August 13, 2003 to Barrington Chief Of Police John LaCross at said plaintiff's father's estate, stating to the chief quote: "I'm charging you (Chief John LaCross with conspiracy with Arthur T Marcello of embezzling and fraudulent conversion of my father's estate", the day before said non bona fide purchaser defendants stepped onto the property.

On November 26, 2002, plaintiff filed in USDA of RI conspiracy charges against Arthur T Marcello, Albert Mastriano, John DeSano, for conspiracy to defraud the plaintiff's father's estate (see ADD: 173-239).

On September 24, 2003, plaintiff filed counterclaim charges for conspiracy to embezzle father's estate against Chief John LaCross, Alfred Harris, and Ptlm Handfield (SEE ADD: 240-241 ).

On February 10, 2004, plaintiff while held illegally and unconstitutionaly incarserated, filed in USDC of RI, Motion for Preliminary Injunction to Restrain Fraudulent Sale of Property & Habeas & Affid (SEE ADD: 242-251 ).

## ARGUMENT AND LAW

### 6th Reason

**6.3: No Respective Portions Of Purchase Money Received:**

Plaintiff has refused to accept respective portions of purchase money received, simply to maintain plaintiffs superior title rights to his property, and to maintain all criminal liabilities of all persons involved, particularly the trespass of defendants on my property, fraud and covin with impersonating executor, and purchasing and receiving stolen property with guilty knowledge thereof.

**6.4: No Participation In The Benefits Of The Transaction:**

It is entirely impossible, for plaintiff to participation in benefits of the transaction on 2/6/04, when defendants fraud and covin with impersonating executor Arthur T Marcello and attorney Jeff Caffrey, att John DeSano, att Bernard P Healy, Chief John LaCross, and the State of Rhode Island, had plaintiff held hostage illegal incarserated on said date (see illegal arrest in 12/10/03 (ADD:165) & see discharge 2/24/04 (ADD:170).

34 C.J.S. § 319 States:

**§ 319. Setting Aside Sale**

**A sale may be set aside where it is made to appear that it is tainted with fraud and collusion between the executor and the purchaser by reason of which the interests of the estate or of the heirs or devisees have been injuriously affected. (Simulated Sale - Ala.--Hall v. Bushnell, 209 Ala. 173, 95 So. 824 (1923).**

**A purchaser of realty from an executor cannot usually have relief against the heirs or devisees in case the property is lost to him through a defeat of title or a lack of authority to sell in the executor (Ky.--Nicholas' Heirs v. Jones, 10 Ky. 385, 3 A.K. Marsh. 385 (1821).)**

## ARGUMENT AND LAW

7th Reason

### DEFENDANTS UNDER THE FACTS ARE NOT ENTITLED TO DEFEND, PRESENT NO REAL ISSUE OF FACT TO BE DETERMINED, AND NO DOUBT TO A DEFENSE

Defendants alledged facts of other non related proceedings held in the 6th District and Superior Courts between other parties, one Arthur T Marcello and plaintiff, (see Defendants II. Facts/Travel, p.2, par.3), present absolutely no defense, simple because, no title was put in issue, courts lacked jurisdiction, misuse of processes designed for ulterior purpose for the fraudulent convenience to defendants not legally attainable within the processess.

34 C.J. Judgments § 1360 states:

> **[§ 1360] - f. Trespass:**
> **A judgment in trespass does not necessarily settle anything beyond the particular facts of the trespass sued for.**
>
> **it is conclusive of whatever was actually litigated and determined, but so far as concerns the land itself, this generally includes nothing more than the right of possession, so that the judgment is not conclusive upon the title to the premises, at the time of the former action, unless the title of one or both of the parties was actually put in issue and tried and adjudicated, in which case the question of title is concluded, at least in a subsequent action of trespass.**
>
> **(R.I.--Schaeffer v. Brown, 23 R.I. 364, 50 A 640.)**
> **(R.I.--Providence v. Adams, 11 R.I. 190.)**

A copy of a purported charge of trespass of the non-resident Arthur T Marcello against the real owner resident James C Marcello to property in question is seen at (ADD: 165 ).

# PLAINTIFFS STRENGTH OF TITLE

## 8th Reason

## PLAINTIFFS IDENTITY & NON IDENTITY OF PARTIES IN CHAIN OF TITLE

### 8.1: Quit-Claim, Jennie N. Marcello to Nicholas F Marcello:

On September 1, 1968, plaintiffs grandmother, Jennie N. Marcello quit-claim and granted to her son Nicholas F. Marcello, the deceased father now of said plaintiff.

A copy of the deed is seen at (ADD:252).

There were two brothers of Nicholas F Marcello, Gayton P Marcello and Arthur T Marcello, and no considerations was granted to them.

Jennie N. Marcello died on January 29, 1970.

### 8.2: Quit-Claim, of Grandchildren to Nicholas F Marcello:

Jennie N. Marcello was survived by her husband Peter Marcello, who died intestate on March 14, 1973. Nicholas F. Marcello was a joint tenant with his father till his death. On May 1, 1974, all the the grandchildren quit claimed to plaintiffs father Nicholas F Marcello, and became then the sole title owner of said property in question.

A copy of the deed is seen at (ADD:253-254 ).

### 8.3: Quit-Claim of Nicholas F Marcellos Estate to plaintiff:

An estate deed was filed and record on July 8, 2003, book 0752 Page 0104, and establishes a notice to defendants prior to their purchase, and is seen at (ADD:255).

### 8.4: Void Executive Deed of Arthur T Marcello to Defendants:

On February 6, 2004, a void executive deed is seen at (ADD:256-7) evidencing a clear brake and no conveyance of title to said defendants.

## PLAINTIFFS STRENGTH OF TITLE

9th Reason

**OUSTER OF PLAINTIFF IN PRIOR POSSESSION AND SUBSEQUENT ENTRY OF DEFENDANTS UNDER VOID EXECUTIVE DEED EQUIVALENTS DISSEIZIN**

As evident on the face of plaintiffs complaint, the character, nature, and extent of the ouster and disseizin of plaintiff on the second ouster December 10, 2003, and the entry an simulated sale to defendants on February 6, 2004, evident by the void executive deed, shows a taking of the property by defendnts.

2 C.J.S. Adverse Possession § 27 states:

**[§ 27] Disseizin or Ouster:**
**Adverse possession necessarily involves and requires a disseiznin or ouster of the true owner (46) and of any other person who may claim title or right of possession.**

**(46) Entry under Deed**
**Conveyance by warranty deed and entry of grantee thereunder claiming exlusive possession were the equivalent of actual disseizin.**
**(R.I.--Tiffany v. Babcock, 154 A. 784, 51 R.I. 350.)**

A copy of the illegal arrest and hold on December 10, 2003 is seen at (ADD:168); of the true owner plaintiff.

A copy of the void executive deed Dated February 6, 2004 showing subsequent entry and simulated sale is seen at (ADD:256-7), to the grantee defendants, trespassing onto plaintiff property.

PLAINTIFFS STRENGTH OF TITLE

10th Reason

PLAINTIFFS CLAIM OF TITLE BY DESCENT

10.1: Plaintiffs Heirship:

Plaintiff is the first and only direct decendant of his deceased father, Rudolph Nicholas Marcello, a/k/a Nicholas F. Marcello, born on February 7, 1954. See attached certificate of birth at (ADD:258).

There are no existing rights others in the whole world to claim before him. see (Cook v. Sinnamon, 47 Ill, 214.)

Their are (5) grandchildren from decedent, plaintiffs children, Jennie, James, Nicholas, and Peter, from plaintiffs first wife, and Olivia, who is a minor from plaintiffs present wife. I believe all first (4) children have accepted benefits from the invalid will and fraudulent sale to defendants from impersonating executor Arthur T Marcello, subsequent to this action, without knowing that the purported will 3/6/02 was invalid and the sale was fraudulent and without required authorization order pursuant to RIGL § 33-19-3 see law (ADD:162).

10.2: Plaintiffs father died seized of the premises:

Plaintiffs father was in possession and died in his bed at home located at 557 Maple Avenue Barrington RI, the property in question, and is evidence of title in the sole heir plaintiff see (Doe v. Garnard, 13 Q.B. 945, 66 ECL 945, 116 Reprint 1524, 3 + 4 Wm. IV c 27 § 34.)

PLAINTIFFS STRENGTH OF TITLE

10th Reason

PLAINTIFFS CLAIM OF TITLE BY DESCENT

10.3: Decedent died Intestate with his only child Plaintiff in possession:

Plaintiff is the heir at law of decedent, who for the last (10) years of his life, was insane/incompetent by reason of Alzheimers Dementia, and died intestate leaving no valid will. The probate court never had competent jurisdiction over the estate, and plaintiff was in possession and clear off all debts and expenses and chose to keep the property and not convert it into cash.

RIGL § 33-1-1 states:

**§ 33-1-1. Real estate descending by intesacy to children or descendants, parents, or brothers and sisters. --**

Whenever any person having title to any real estate of inheritance shall die intestate as to such estate, it shall descend and pass in equal portion to his or her kindred, in the following course:

(1) First to his children or their descendants, if there are any.

(2) Second if there be no children nor their descendants, then to the parents in equal shares, or to the surviving parent of such intestate.

(3) Third if there is no parent, then to the brothers and sisters of the intestate, and their descendants.

(R.I.--Oldham v. OLdham, 58 R.I. 268, 192 A.758 (1937)

## CONCLUSION

Based on the above, plaintiff prays that the defendants motion for summary judgment be DENIED, and that the plaintiffs motion for summary judgment be GRANTED, whereby awarding all relief in plaintiffs complaint, AND FURTHERMORE, that the court may order the defendants to pay over to the plaintiff for rental use of the property of the plaintiffs, in the amount of ($1,500.00) per month, to be calculated from said defendants entry on February of 2004 up to and including the date of the judgment rendered in this aciton, all upon such terms as this honorable court deems fair and just.

Respectively Submitted,

James Marcello

JAMES C. MARCELLO
152 Cross Road]
Stetson, ME 04488
Tel: (207) 296-3433

## CERTIFICATION

I hereby certify that on **MARCH 8, 2005**, I mailed a copy of the within by certified mail to: Joe Moretti(#5092), 300 Centerville Rd., Warwick,RI 02886 **Article # 7004 0750 0002 2470 4824**, and certified mail to the defendants: Nuno & Natalia Paiva-Neves, 557 Maple Avenue, Barrington,RI 02806 **Article # 7004 0750 0002 2470 4817**.

James Marcello

JAMES C. MARCELLO