UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO, Plaintiff,

v.

NUNO C. NEVES and NATALIA PAIVA-NEVES, Defendants.

CA 05-243ML

**ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Before the court is Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit (Document #2) (the "Application"). This matter has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A)[1] and District of R.I. Local Rule 32(b).

On or about June 2, 2005, Plaintiff filed the Application and a Petition for Removal on the Grounds of Civil Rights Violation, Diversity, Prejudice or Local Influence (Document #1) (the "Petition"). By the Petition Plaintiff seeks to remove to

[1] 28 U.S.C. § 636(b)(1)(A) states that:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).

this court a similarly captioned action which he filed in the Providence Superior Court on or about July 19, 2004.[2] See Petition at 10 (Prayer for Relief ¶ 1); id. at 3 ¶ 8.

While 28 U.S.C. § 1446(a)[3] allows a defendant to remove an action from a state court, see id., "a plaintiff may not remove an action to federal court ...," Martinez v. Newport Beach City, 125 F.3d 777, 780 (9th Cir. 1997), overruled on other grounds by Green v. City of Tucson, 255 F.3d 1086 (9th Cir. 2001)(en banc); see also Estate of C.A. Spragins v. Citizens Nat'l Bank of Evansville, 563 F.Supp. 424, 425 (N.D. Miss. 1983)("28 U.S.C. § 1446 ... makes clear that state court proceedings may be removed to federal court only by 'defendants'"); 14C Wright, Miller & Cooper, Federal Practice and Procedure § 3731 (3d ed. 1998)("The question of which parties may exercise the statutory right of removal has been answered by Congress. **Section 1446(a) of Title 28 authorizes removal only by the state court defendants** ....")(emphasis added). This limitation has been interpreted strictly by the federal courts. See 14C Wright, Miller & Cooper, Federal Practice and Procedure § 3731.

---

[2] The action filed in the Providence Superior Court is captioned James C. Marcello v. Nuno C. Neves & Natalia Paiva-Neves. See Petition, Exhibit ("Ex.") D.

[3] 28 U.S.C. § 1446(a) states that:

> **A defendant or defendants** desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a) (emphasis added).

Because Plaintiff may not remove an action which he filed in state court to this court, the Petition fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's Application is DENIED pursuant to 28 U.S.C. § 1915(e)(2).[4] If Plaintiff wishes to continue with this action notwithstanding the court's determination that it is subject to dismissal for failure to state a claim upon which relief may be granted, he must pay the filing fee within thirty days of the date of this order.

ENTER:

David L. Martin
United States Magistrate Judge
June 14, 2005

BY ORDER:

Deputy Clerk

[4] 28 U.S.C. § 1915(e) states in relevant part:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

(A) the allegation of poverty is untrue; or

(B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).