IN THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES C. MARCELLO<br><br>Plaintiff<br><br>vs.<br><br>NUNO C. NEVES and<br>NATALIA PAIVA-NEVES<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO. 05-243 ML |

NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS

**NOTICE IS HEREBY GIVEN**, pursuant to Rule 31(a) of the Local Rules of the U.S. District Court of Rhode Island, that on June 2, 2005, an action has commenced in this court regarding above plaintiff's Petition for Removal of Action, from state to federal, known as **(MARCELLO vs NEVES, ET AL - CA NO. 04-3972 - Providence Superior Court of RI)**, and also known to exist as (MARCELLO vs NEVES, ET AL - CA NO. 05-0176 - RI Supreme Court).

**FURTHERMORE**, pursuant to Rule 31(b), continuing obligation, said plaintiff notifies that subsequent to commencement of said action in this court, an appeal was docketed on June 7, 2005 in RI Supreme Court as above indicated; a copy of notice is hereby attached at (ADD: 1).

An Order of this court denying application to proceed without prepayment of fees dated June 14, 2005 in reference to said petition for removal is hereby attached at (ADD: 2-4).

Respectively Submitted,

[signature]

JAMES C. MARCELLO
152 Cross Road
Stetson, MAINE 04488
(207) 296-3433

CERTIFICATION

I, the undersigned, hereby certify that I mailed a true copy of this Notice of Pendincy of Other Actions or Proceedings along with attachments above indicated by first class mail, postage pre-paid, on JUNE 16, 2005, to both Offices of the Clerks, RI Supreme Court & Providence Superior Court, 250 Benefit St, Providence,RI 02903, and counsel of record for defendants: Joe Moretti(#5092), 300 Centerville Rd, Warwick,RI 02886.

[signature]

SUPERIOR COURT FILE MARK-VOID
CLERK DATE
05 JUN 20 AM 11:13

NOT

6-7-05

RHODE ISLAND SUPREME ( RT

Licht ıdical Complex
250 Benefit Street
Providence RI 02903
(401) 222-3272

JUNE 7, 2005

JAMES MARCELLO ~~Esq~~
152 CROSS ROAD
STETSON ME 04488

CASE NO.: 20050176

JAMES C. MARCELLO VS NUNO C. NEVES ET AL

NOTICE

The above-entitled case was docketed in this court on JUNE 7, 2005. See Article I, Rule 12A below.

READ CAREFULLY.

'(1) Within twenty (20) days after the docketing of the record of an appeal with the Clerk of the Supreme Court, the appellant or other moving party shall file a statement of the case and a summary of the issues proposed to be argued on appeal; this document shall be concise, not exceeding ten pages. The party may take out the transcripts from the Clerk's Office for reference in the preparation of the statement but shall return them when the statement is filed. Within fifteen (15) days after the filing of the above statement, the responding party shall file a counter-statement not to exceed ten pages. The transcripts may be taken out for reference in preparing this counter-statement but shall be returned upon its filing. Following the filing of such statements, the court may require appearance before a single justice of the court for a conference. The objective of said conference will be to achieve settlement of dispute in civil cases and to determine the manner in which the appeal shall proceed. In the event that the single justice of the court deems it appropriate, he or she may require the issuance of an order to show cause by either party why the appeal should not be dismissed or the judgment below should not be reversed, modified, or the matter remanded for further proceedings or refer the appeal to the Court at a session in conference for a determination of the manner in which the appeal shall proceed and disposition of said appeal without further memorandum or argument. The show cause argument may be conducted before a hearing panel of this court consisting of three justices. Such hearing panel may issue an order dismissing the appeal, reversing or modifying the judgement, or remanding the case to the appropriate trial court for further proceedings. The panel may if it sees fit determine that the case should be placed on the regular calendar for full hearing and argument'.

A-1

7/ 6·14·05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES C. MARCELLO, Plaintiff, | : | |
| v. | : | CA 05-243ML |
| NUNO C. NEVES and NATALIA PAIVA-NEVES, Defendants. | : | |

**ORDER DENYING**
**APPLICATION TO PROCEED**
**WITHOUT PREPAYMENT OF FEES**

Before the court is Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit (Document #2) (the "Application"). This matter has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A)[1] and District of R.I. Local Rule 32(b).

On or about June 2, 2005, Plaintiff filed the Application and a Petition for Removal on the Grounds of Civil Rights Violation, Diversity, Prejudice or Local Influence (Document #1) (the "Petition"). By the Petition Plaintiff seeks to remove to

---

[1] 28 U.S.C. § 636(b)(1)(A) states that:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).

A-2

this court a similarly captioned action which he filed in the Providence Superior Court on or about July 19, 2004.[2] See Petition at 10 (Prayer for Relief ¶ 1); id. at 3 ¶ 8.

While 28 U.S.C. § 1446(a)[3] allows a defendant to remove an action from a state court, see id., "a plaintiff may not remove an action to federal court ...," Martinez v. Newport Beach City, 125 F.3d 777, 780 (9th Cir. 1997), overruled on other grounds by Green v. City of Tucson, 255 F.3d 1086 (9th Cir. 2001)(en banc); see also Estate of C.A. Spragins v. Citizens Nat'l Bank of Evansville, 563 F.Supp. 424, 425 (N.D. Miss. 1983)("28 U.S.C. § 1446 ... makes clear that state court proceedings may be removed to federal court only by 'defendants'"); 14C Wright, Miller & Cooper, Federal Practice and Procedure § 3731 (3d ed. 1998)("The question of which parties may exercise the statutory right of removal has been answered by Congress. **Section 1446(a) of Title 28 authorizes removal only by the state court defendants** ....")(emphasis added). This limitation has been interpreted strictly by the federal courts. See 14C Wright, Miller & Cooper, Federal Practice and Procedure § 3731.

---

[2] The action filed in the Providence Superior Court is captioned James C. Marcello v. Nuno C. Neves & Natalia Paiva-Neves. See Petition, Exhibit ("Ex.") D.

[3] 28 U.S.C. § 1446(a) states that:

> **A defendant or defendants** desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a) (emphasis added).



A-3

Because Plaintiff may not remove an action which he filed in state court to this court, the Petition fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's Application is DENIED pursuant to 28 U.S.C. § 1915(e)(2).[4] If Plaintiff wishes to continue with this action notwithstanding the court's determination that it is subject to dismissal for failure to state a claim upon which relief may be granted, he must pay the filing fee within thirty days of the date of this order.

ENTER:

David L. Martin
United States Magistrate Judge
June 14, 2005

BY ORDER:

Deputy Clerk

[4] 28 U.S.C. § 1915(e) states in relevant part:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

(A) the allegation of poverty is untrue; or

(B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).



A-4