SCANNED

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

**JAMES MARCELLO**

**V** **CA NO. 05-243 ML**

**NUNO NEVES and**
**NATALIA PAIVA-NEVES**

## SECOND MOTION TO REMAND BACK TO STATE COURT

Now comes Defendants and as their Second Motion to Remand Back to State Court, hereby state that:

1. Plaintiff previously filed a Notice of Removal in this Court after initiating litigation in the State Court as a Plaintiff. His claim was summarily dismissed by the State Trial Court pursuant to Defendants' Motion for Summary Judgment and Plaintiff then filed an appeal to the Rhode Island Supreme Court. The matter is still pending in the Rhode Island Supreme Court when this Second Notice of Removal was filed.

This Honorable Court granted the Defendants First Motion to Remand on 8/12/05, after the Plaintiff filed his first Notice of Removal.

2. Plaintiff has filed a second Request seeking removal even though this Court had previously ruled on the matter and after Magistrate Martin's comments when he ruled on Plaintiff's Application to Waive Filing Fees.

3. Plaintiff's first and second Notice of Removal simple fail to meet the requirements of 28 USC §1441 (a) and 28 USC §1446 (a) to warrant removal. He is not a Defendant seeking removal within thirty (30) days of being served with an initial pleading.

4. Plaintiff's Second Request/Notice for Removal is also barred by the law of the case doctrine **<u>IN RE PCH ASSOCIATES</u>, 949 F.2d 585 (2nd Cir. 1991)**.

**WHEREFORE**, Defendants pray that this matter be removed back to the Rhode Island Supreme Court.

James Moretti (#5092)
Resnick & Caffrey
300 Centerville Road, #300W
Warwick, RI 02886
738-4500

## CERTIFICATION

I hereby certify that on the 13th day of September, 2005, I mailed a copy of the within to James Marcello, pro se, 152 Cross Road, Stetson, ME 04488, Marc DeSisto, Esq.. 211 Angell Street, Providence, RI 02906, Robert Smith, Esq., 155 South Main Street, Providence, RI 02903 and Thomas Palumbo, Esq., Department of the Attorney General, 150 South Main Street, Providence, RI 02903.

IN THE UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF RHODE ISLAND**

**JAMES MARCELLO**

**V** **CA NO. 05-243 ML**

**NUNO NEVES and**
**NATALIA PAIVA-NEVES**

# DEFENDANT'S MEMORANDUM IN SUPPORT OF THEIR SECOND MOTION TO REMAND TO STATE COURT

## Travel

This Honorable Court previously ruled on Defendants' First Motion to Remand on 8/12/05 after Plaintiff sought removal of his claim from the Rhode Island Supreme Court. As previously set forth, Plaintiff filed this action against the Defendants in the Rhode Island Superior Court on July 21, 2004. His claim was summarily dismissed in the Trial Court after a hearing on Defendants' Motion for Summary Judgment on March 29, 2005. He then appealed to the Rhode Island Supreme Court. After previously seeking removal to this Court, Defendants' First Motion to Remand was granted 8/12/05. Plaintiff has now filed a Second Notice of Removal with this Court.

## Issue / Argument

**Plaintiff is not entitled to remove his claim to federal court, again.**

Pursuant to 28 USC §1441 (a) and 28 USC §1446 (a), a Defendant has a right to remove an action to Federal Court by filing a Notice of Removal no later than

thirty (30) days after being served with the initial pleading in State Court. Plaintiff fails to meet the criteria, whereas he was a Plaintiff initiating the State Court litigation before it was summarily dismissed by the Trial Court and now pending appeal. Defendants' Second Motion to Remand should be granted on this criteria alone.

Further, and just as important, Defendant's Second Motion to Remand should be granted pursuant to the law of the case doctrine **IN RE PCH ASSOCIATES, 949 F.2d 585 (2nd Cir. 1991)**. Pursuant to the doctrine, a decision on an issue of law at one stage of the case becomes binding precedent to be followed in subsequent stages of the same litigation **IN RE PCH ASSOCIATES, (id)**. In this matter, Judge Lisi's ruling on 8/12/05 has not been appealed and is binding.

Plaintiff's Second Notice of Removal fails to state the grounds for removal as required by removal statutes cited to justify removal of this action as well as the law of the case doctrine.

**Conclusion**

Accordingly, this matter should be remanded, again, back to the Rhode Island Supreme Court.

James Moretti (#5092)
Resnick & Caffrey
300 Centerville Road, #300W
Warwick, RI 02886
738-4500

## CERTIFICATION

I hereby certify that on the 13th day of September, 2005, I mailed a copy of the within to James Marcello, pro se, 152 Cross Road, Stetson, Maine 04488, Marc DeSisto, Esq., 211 Angell Street, Providence, RI 02906, Robert Smith, Esq., 155 South Main Street, Providence, RI 02903 and Thomas Palumbo, Esq., Department of the Attorney General, 150 South Main Street, Providence, RI 02903.